THE STATE *versus* ISAAC C. MCALLISTER.

It is essential that it should appear in an indictment, that it was found upon the oath of the jurors. And each count in the indictment must appear to have been found by the jurors upon oath.

One count in an indictment may refer to another, and thereby that, which if alone considered would appear to be defective, may be sufficient. But a defective count can be thus aided, only when there is a reference therein to another count for the allegation or fact required to make the defective count perfect.

McALLISTER was indicted for larceny. After a description of the Court, the indictment, in the first count, commenced with — " The jurors for the State aforesaid upon their oaths present, that Isaac C. McAllister of," &c. took a quantity of sole leather, the property of William R. Hunt, setting out the facts and form of an indictment for simple larceny. There was a *nol. pros.* of the second count entered in the District Court. The third count commenced thus. — " And the jurors aforesaid for the State aforesaid do further present, that Isaac McAllister 'of," &c., on &c., at &c. " the tannery of one William R. Hunt, there situate, in the night time, did break and enter, and" a quantity of sole leather, particularly described by marks, of the value, &c. " the goods and chattels of the said William R. Hunt, then and there in the tannery aforesaid found and being, did steal, take and carry away in the tannery aforesaid, against the peace," &c.

On the trial in the District Court the jurors found McAllister not guilty on the *first* count, and guilty on the third.

The counsel for McAllister moved an arrest of judgment on account of two distinct alleged fatal defects in the indictment. As the opinion of the Court is based on one only, the arguments upon the other will be omitted.

*W. G. Crosby*, for McAllister, said that the count, upon which the defendant was found guilty, is fatally defective, as it was not found by the grand jury *upon oath*. Every bill of indictment must be found on the oath of the grand jury, and every count in the indictment should be perfect in and of itself. If it should be said, that the third count is aided by the averment in the first, from which it appears, that the jury found the first count upon oath, the Court are referred for an answer to the case, *State* v. *Soule*, 20 Maine R. 19. There is no reference in this matter of the oath, to the first count. Where there is a second or a third count in an indictment, to each count should be prefixed a statement, that the jurors *upon their oaths* found the bill. 1 Chitty Cr. Law, 249. And so are all the forms in the books.

*Moor*, Att'y Genl., for the State. Although every count should appear upon the face of it to charge the defendant with a distinct offence, yet one count may refer to a matter in any other count, so as to avoid unnecessary repetition; and thereby what might otherwise be defective, when alone considered, would be sufficient. 1 Chitty's Cr. Law, 250.

The practice of stating in the bill the finding to be upon oath grew up, when the grand jurors were sworn upon the investigation of each distinct charge brought before them. Now they are sworn but once, and that is before they enter upon the discharge of any part of their duty. The finding of all bills by the jury must necessarily be upon oath, and therefore it has become unnecessary to make the allegation in the indictment. But all that the strictest rule could require, would be that the indictment should set forth, that the jurors were acting upon their oath. This is set out in the first count, and it follows necessarily, that they must have acted under oath in finding the second count.

The opinion of the Court was prepared by

SHEPLEY J. — The case is presented on a motion in arrest of judgment. The indictment contained three counts. A *nolle prosequi* of the second count has been entered. The accused was put upon trial; and was acquitted of the charge alleged in the first count, and convicted of that alleged in the third count. There is an allegation in the first count, that it was presented upon the oath of the jurors. There is no such allegation in the third count.

It is essential, that it should appear in an indictment, that it was found, upon the oath of the jurors. Francis Dily's case, Cro. Jac. 635. Chitty's Cr. Law, 202.

It was once considered, that the names of the jurors finding it should also be inserted; but that is not necessary. 1 Saund. 248, notes.

Several counts are allowed because a person may be indicted for different offences of the same nature in the same bill. If an indictment thus framed charge two or more persons, who are put on trial together, for different offences, and the testimony does not implicate all of them in each offence, the inconvenience may be obviated, and the rights of the accused be protected by requiring the prosecuting officer to elect, for which offence he will proceed. *Young* v. *The King*, in error, 3 T. R. 106; *The People* v. *Costello*, 1 Denio, 83. Different counts are supposed to describe different offences, although but one offence may have been committed, which is differently described to meet any unexpected aspect of the testimony. Hence it is, that each count must appear to have been found upon the oath of the jurors. Holt, 687; 1 Chitty's Cr. Law, 250.

It is true, as stated in the argument for the State, that one count may refer to another, and thereby that, which if alone considered would appear to be defective, may be sufficient. But a defective count can be thus aided only, when there is a reference to another count for the allegation or fact required to make the defective count perfect. In this case there is no reference in the third count to another count for

the allegation, that it was presented upon the oath of the jurors. It alleges, that "the jurors aforesaid for the State aforesaid do further present," without saying as aforesaid, or in manner aforesaid. In other words, there is nothing in the third count either of allegation or of reference, from which it can be made to appear to have been presented *per sacramentum suum.*

It is further insisted that such an allegation cannot be essential in this State, because the grand jurors are sworn, before they enter upon the performance of their duties, to make true presentments. This however is not a new course of proceeding. The accused has a right to insist, that he is not legally called upon to plead and to incur the expense and odium of a trial, unless he finds an allegation in the indictment, that he was accused upon the oath of the grand inquest.

As the judgment must be arrested for this defective finding, it is not necessary to consider the other point presented.

*Judgment arrested.*