The State v. Wagner.

THE STATE v. WAGNER, *Appellant.*

Division Two, December 16, 1893.

1. **Criminal Law:** INDICTMENT: SEVERAL COUNTS. Each count of an indictment should contain a recital showing that it was found by the grand jury.

2. ——: ——: ——. The words "articles aforesaid," used in a count with reference to a prior count will not draw into the count the allegations of value in the prior count.

3. ——: ——: ——: LARCENY. The taking of different articles at the same time and place from the same person constitutes but one larceny and should, it seems, be charged in one count as one offense.

*Appeal from Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED.

*N. T. Gentry* for appellant.

(1) The indictment is certainly not sufficient to inform the defendant what he is charged with. If the words are taken in regular order they have no meaning and cannot be understood to mean anything. The three paragraphs (each separate and distinct) when put together, do not charge that defendant took, stole and carried away this money from Levi Hanks in Boone county, Missouri, and in no way can that meaning be gathered from the number of words thrown together in this meaningless instrument. The money is not even described as well as the witness Hanks described it; and all he could say was it was new money; and no value is given to the bills separately. (2) The court erred in overruling defendant's demurrer to the evidence. (3) The court also erred in the matter of giving and refusing instructions.

*R. F. Walker*, Attorney General, for the state.

(1) The indictment is sufficient. It clearly charges larceny and definitely fixes the venue. Revised Statutes 1889, sec. 3535. (2) The testimony warrants the verdict and the judgment. *State v. Moxley*, 115 Mo. 644. (3) The instructions correctly state the law and are exceedingly favorable to defendant.

SHERWOOD, J.—The defendant was tried and convicted of grand larceny, the prosecution being grounded on section 3535, Revised Statutes, 1889. His punishment was assessed at two years in the penitentiary, and he appeals to this court.

The following is the indictment on which defendant was tried:

"STATE OF MISSOURI, ⎫ In the Circuit Court, at June
                     ⎬ ss.     Term, A. D., 1893.
County of Boone.     ⎭

"(*a*) The grand jurors for the state of Missouri, summoned from the body of Boone county, impaneled, charged and sworn, upon their oaths present that one Joseph Wagner, late of the county aforesaid, on the twenty-sixth day of November, 1892, at the ——————— county of Boone and state aforesaid, did six five-dollar bills, one ten-dollar bill and two two-dollar bills, the said bills being good and lawful money of the United States, and of the aggregate value of forty-four dollars, then and there being the money and property of one Levi Hanks.

"(*b*) Also one knife to-wit: a pocket knife with bone handle and two blades, of the value of one dollar, then and there being the goods, chattels and property of the said Levi Hanks.

"(*c*) That the moneys aforesaid and the knife aforesaid then and there being the money and property,

goods and chattels of the said Levi Hanks, he, the said Joseph Wagner, feloniously did steal, take and carry away, against the peace and dignity of the state.''

This indictment, as will be noticed, is divided into three separate and distinct paragraphs, which for convenience' sake have been respectively marked *a*, *b* and *c*.

Neither paragraph *a* nor *b*, it will be seen, makes any *charge* against defendant, except to say that he "*did*," but what he *did* is not stated. Probably it was intended to charge he did feloniously steal, take and carry away the articles therein mentioned; but this the paragraph does not do. It would *seem* that the paragraphs were intended as separate counts, and in the lower court were so treated by the defendant moving that the state be compelled to elect upon which count it would proceed, but this motion was denied. If these paragraphs are any of them good, then the general verdict returned can be upheld; otherwise not.

Paragraph *c*, is the only one that charges defendant with any criminal act, and so it is unnecessary to notice the others, except to the extent and in the manner to be presently stated. Paragraph *c* will, therefore, be treated as a separate count for which it seems to have been designed, and then its sufficiency will be determined.

I. The old and familiar rule is that "every separate count should charge the defendant, as if he had committed a distinct offense," etc. In a word, each count in an indictment must be complete in itself as to the description of the offense, and to each count must be prefixed a statement, that the jury *super sacramentum suum ulterius præsentant*, and without such commencement the count will be bad. The following authorities fully support these positions: 1 Chitty on Criminal Law, 175, 249; 1 Bishop on Criminal Procedure [3 Ed.], secs. 132, 426, 429; *State v. McAllister*, 26.

Me. 374; Malone's Criminal Briefs, 34, and cases cited; *State v. Longley*, 10 Ind. 482; *State v. Phelps*, 65 N. C. 450; Wharton Cr. Pl. and Prac. [9 Ed.], sec. 95.

Reference to time, place or person, or to the oath taken by the jurors, as mentioned in a previous count though defective, will be sufficient. 1 Chit. Cr. L. 175; 1 Bishop Cr. Proc., secs. 132, 431; Whart. Cr. Pl. and Prac. [9 Ed.], sec. 299; *State v. Lea*, 1 Coldw. (Tenn.) 175; *Phillips v. Fielding*, 2 Hen. Bla. 131. But though time, place or person, etc., may thus be referred to by the use of the words "said," "aforesaid," "same," etc., yet such manner and means of reference has its limits; it cannot supply descriptive averments which enter into the vitals of the offense. Whart. Cr. Pl. and Prac., sec. 299.

Bishop says: "The reference must be so full and distinct as, in effect, to incorporate the matter going before with that in the count in which it is made. When, therefore, the first count charged an assault on 'Esther Ricketts, an infant above the age of ten and under the age of twelve years', with intent to carnally know her; and the second charged, in a different form, an attempt to have carnal knowledge of 'the said Esther Ricketts;' this reference was held not to carry with it the allegation, that she was 'an infant above the age of ten and under the age of twelve years.' So where the first count charged a larceny of goods of a value mentioned, and the second alleged a receiving of the 'goods aforesaid,' this was held not to draw into the second count the allegation of value contained in the first." 1 Bishop's Crim. Proc., sec. 431. Numerous authorities sanction this position. *Regina v. Martin*, 9 C. & P. 213; *State v. Lyon*, 17 Wis. 237; *Regina v. Dent*, 1 C. & K. 249; *Keech v. State*, 15 Fla. 591; *Regina v. Waverton*, 17 Q. B. N. S. 570; *State v. Nelson*, 29 Me. 329.

The foregoing authorities, therefore, condemn parapraph *c* of the indictment as being insufficient for two reasons: *First.* Because it does not appear on its face to have been found by the grand inquest. *State v. McAllister*, 26 Me. 374, *supra.* *Second.* Because, for reasons already given, the reference to the articles described in the previous paragraphs or counts in the indictment, are also insufficient, as no value is ascribed in the last count to the articles described in the other counts, and this prosecution is for grand larceny, nor are words of apt reference employed, such as of the value aforesaid.

II. If the articles mentioned in the indictment were all taken at the same time and place and from the same person, such taking would amount to but *one* larceny, and consequently all of the articles alleged to have been stolen should have been inserted in one count, and their taking charged as one offense. Whart. Crim. Pl. and Prac., secs. 252, 470; Malone's Crim. Brfs., 34; *State v. Cameron*, 40 Vt. 555; *State v. Williams*, 10 Humph. 101.

Whether it is necessary to the validity of the pleading to charge that the articles stolen, were stolen at the same time and place and from the same person, is a point which does not appear to have been determined; but in two instances, this was the method of procedure adopted. *State v. Williams*, 10 Humph. 101; *State v. Nelson*, 29 Me. 335.

III. There are numerous other errors assigned, but it will not be necessary to notice other errors until the defendant shall have been tried and convicted on a valid indictment. The judgment should be reversed and the cause remanded. All concur.