## THE STATE v. WALKER, *Appellant.*

### Division Two, January 31, 1894.

1. **Criminal Law**: PRACTICE: ARRAIGNMENT. A judgment of conviction in a criminal case will be reversed where the record shows no arraignment.

2. ———: LARCENY: EVIDENCE OF VALUE. Evidence of their actual value is admissible in a prosecution for stealing brood sows, in the absence of a market price for such animals.

3. ———: ———: EXTRADITION. A person extradited for grand larceny may be tried for petit larceny.

119 467
142 481
73a 301
119 467
160 473
119 467
92a 240
93a 1472

The State v. Walker.

*Appeal from Scotland Circuit Court.*—HON. B. E. TURNER, Judge.

REVERSED AND REMANDED.

*C. L. Moore* for appellant.

When there is no market price for a commodity at the place of delivery, the market price at the nearest available market, less the expense of transportation and hauling, is the measure of its value at the place of delivery. *Cobb v. Whitsett*, 51 Mo. App. 148; *Vanstone v. Hopkins*, 49 Mo. App. 386; Benjamin on Sales, 859; Sedgwick on Damages [8 Ed.], sec. 246. Any instruction as to petit larceny was illegal and improper, and the demurrer to the evidence should have been sustained. *U. S. v. Rauscher*, 7 Sup. Ct. Rep. 234; *Com. v. Hawes*, 13 Bush, 697; *Blandford v. State*, 10 Tex. App. 627; *State v. Vanderpool*, 39 Ohio St. 273; 14 Albany Law Journal, 85; 15 Albany Law Journal, 224; 16 Albany Law Journal, 361; 10 American Law Review, 1875, 1876, p. 617; Field's Int. Code, sec. 237, p. 122; Spear on Extradition, 80; Clarke on Extradition, 38.

*R. F. Walker*, Attorney General, for the state.

The record in this case fails to show the arraignment of the defendant, or what plea, if any, was entered by him to the charge in the indictment; this being true, this case must be reversed.

GANTT, P. J.—Defendant was indicted at the August term, 1891, of the circuit court of Scotland county, for grand larceny. He was apprehended in Iowa and returned to this state on a requisition of the

governor.   He was tried at the August term, 1893, and convicted and sentenced to the penitentiary for two years.

I.   The record shows no arraignment, and the cause must be reversed and remanded.

It would be well if prosecuting attorneys would examine the transcripts in all criminal cases and see that this error does not occur again.

II.   There was no error in proving the actual value of the brood sows alleged to have been stolen, in the absence of a market price for this character of animals.

III.   There was no error in instructing the jury for petit larceny, as the great weight of the evidence tended to show the hogs were worth less than $30. It was entirely competent to try defendant for that offense, notwithstanding his extradition for grand larceny.   *State v. Patterson*, 116 Mo. 505; *Lascelles v. State*, 16 S. E. Rep. 945; *Lascelles v. State*, 13 Sup. Ct. Rep. 687.

The judgment is reversed and cause remanded solely because there is no record of arraignment, and the prisoner will be remanded from the custody of the warden of the penitentiary to that of the sheriff of Scotland county, to await further action of the circuit court of said county.   All of this division concur.