# THE STATE v. MAGGARD, Appellant.

### Division Two, February 26, 1901.

1. **Larceny:** FROM DIFFERENT PERSONS. Where there has been a stealing of different articles of property at the same time and place, the transaction being one, the theft is but one offense, although the property stolen may belong to different persons. But where property belongs to different persons, and is located at different places (for instance, some articles in wagons in a wagon yard, others in a near-by shed or stable loft), each asportation, with intent to steal, constitutes a different offense, although the thefts may have been committed in rapid succession and in pursuance of a predetermined design to steal.

2. ———: ———: PETIT LARCENY. And if the property taken from any one place, unless a dwelling house, etc., is not of the value of $30, or more, the theft is petit larceny.

3. ———: MARKET VALUE OF THINGS STOLEN. Where there is no evidence that the articles stolen had a marketable value, but all the evidence is directed towards establishing their actual value, it is not error to instruct the jury that they must be governed by what the evidence shows said property to have been actually worth, and leave out the words "in the open market."

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*Clark Dooley* and *Orchard & Saye* for appellant.

(1) Under the evidence the defendant could have only been convicted of petit larceny, as is shown by the evidence. The property of each owner was located in different places, some in wagons, some in mangers, and Smith's in the shed loft. We admit that where several articles of personal property belonging to different owners are stolen at one and the same time, it is but one larceny and should be prosecuted as

State v. Maggard.

one theft, but it must be done all at one and the same time. Lorton v. The State, 7 Mo. 45; State v. Morphin, 37 Mo. 473. But if the property belongs to separate owners and is located at different places, where it took separate acts to get the goods, it would not be one taking, although located close together. Nicholas v. Commonwealth, 68 Ky. 180. (2) The court erred in refusing instruction 9, asked by the defendant, and in changing it and offering it in a different form, as the standard of value is not what it is worth to owners, but what it would bring on the open market. State v. Doepke, 68 Mo. 211.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1) Under the facts and circumstances detailed in evidence, all the property taken by this defendant, constituted but one larceny. The evidence discloses that the wagons from which it was taken were driven into a lot used by the public in camping and feeding their teams while remaining in town over night. It was private property. The evidence discloses the further fact that all of this property must have been taken from the various wagons practically at the same time, while the criminal intent existed in the mind of the defendant. The authorities submitted by appellant in this connection sustain the State's position. Lorton v. State, 7 Mo. 55; State v. Morphin, 37 Mo. 373; State v. Daniels, 32 Mo. 558; State v. Beatty, 90 Mo. 147; State v. Wilson, 45 Tex. 77; State v. Williams, 10 Hump. 101. (2) The court committed no error in striking out the phrase objected to and giving instruction number nine, with these words eliminated. The jury was properly instructed upon the question of value and thoroughly understood the manner in which the evidence in reference thereto should be considered.

State v. Maggard.

BURGESS, J.—At the May term, 1900, of the circuit court of Texas county, the defendant, John W. Farrow and Charles Smith were jointly indicted for grand larceny, which was alleged to have been committed on the twenty-third of March, 1900, in that county.

On the sixteenth day of July, 1900, being the May adjourned term of said court, on motion of defendants named in the indictment, a severance was granted, and on the eighteenth day of July next thereafter, the defendant Maggard having been put upon his trial, was convicted of grand larceny as charged, and his punishment fixed at two years' imprisonment in the penitentiary. From the judgment and sentence he appeals.

The property alleged to have been stolen consisted of overcoats, gloves, grain sacks, and various other goods and chattels belonging to five different persons, to-wit, E. E. Buck, Sidney Purcell, S. R. Townley George Schoonover, Fred Brackett and Henry Smith, all of whom lived in Texas county.

The day before the goods were stolen these persons went to Cabool, a station on the Kansas City, Fort Scott & Memphis Railroad in said county, for the purpose of getting some corn that was being shipped to them at that place. When they got there they drove into a lot, called by one of the witnesses a "wagon yard," unhitched their teams, and remained until the following day, when they discovered that certain of their property had been stolen. Buck's property, or at least a part of it, to-wit, a collar and bridle, and his sacks and corn, had been taken by him from his wagon and piled up in a shed. Purcell's property was in his wagon. Smith's in Keithley's shed loft in the wagon yard, and the property of Brackett, Towneley and Schoonover in different places in the wagon yard. When they discovered that their property had been stolen, a warrant was secured for the arrest of John W.

Farrow, and Charles Smith, who were followed a few miles in the country, overtaken, and the property found in their possession and taken from them, and they put under arrest. After the officer had placed them under arrest, and returned to Cabool with them, the defendant escaped, and was not apprehended again for several days thereafter, when he was found at Springfield, Missouri.

It is claimed by defendant that under the evidence he could only have been convicted of petit larceny, for the reason that the property of the different owners was located in different places at the time it was stolen, and each taking a separate and distinct offense, and as the value of the property taken from any one place did not amount in value to as much as thirty dollars he could not be convicted of grand larceny.

The stealing of different articles of property, belonging to different persons at different times, constitutes different offenses, but where the stealing of different articles of property is at the same time and place so that the transaction is the same it is but one offense, although the property stolen may belong to different persons.

In Lorton v. State, 7 Mo. 55, it is said: "The stealing of several articles of property, at the same time and place, undoubtedly constitutes but one offense against the laws, and the circumstance of several ownerships can not increase or mitigate the nature of the offense." [Wilson v. The State, 45 Texas Reports 76; State v. Morphin, 37 Mo. 373.] The same rule is announced in Nichols v. The Commonwealth, 78 Ky. 180.

But where property belongs to different persons, and is located at different places, as in the case at bar, each asportation with intent to steal, constitutes a different offense, although the thefts may all have been committed in rapid succession, and in pursuance of a formed design to steal.

In this case it was impossible in consequence of the different locations of the property, that it could all have been taken at the same time, and as the property stolen from any one place was not of the value of thirty dollars or more, there was no evidence authorizing an instruction for grand larceny.

Defendant asked the court to instruct the jury as follows:

"9.   The court instructs the jury that in arriving at the value of the property charged to have been stolen you are not to be governed by the value of the property to the owner, but you will be governed by what the evidence shows said property to have been actually worth on the open market."

The court refused the instruction as asked, struck out the words at the conclusion of the instruction, "on the open market," then gave it as amended over the objection and exception of defendant.   It is insisted that the action of the court in this regard was error, and that the standard of value was not what the property was worth to its owners, but what it would have brought in open market.

As a general rule the market value of goods stolen, or that for which similar goods are, at the time and place of the theft, commonly in the markets bought and sold, is the standard of value.   But where things stolen have no marketable value, for instance, a second-hand coffin (State v. Doepke, 68 Mo. 208), or second-hand clothing (Pratt v. State, 35 Ohio St. 514; Printz v. People, 42 Mich. 144), or brood sows (State v. Walker, 119 Mo. 467), the owner may testify to the actual value of the property regardless of any market value for it.   In the case at bar there was no evidence that any of the articles described in the indictment had a marketable value, but all of the evidence was directed to their actual value, hence no error was committed in amending the instruction and in giving it as amended.   [State v. Walker, supra.]   There was no evidence to authorize it.

The indictment is in the usual form, and free from substantial objection. For the error of the court indicated the judgment is reversed and the cause remanded.

*Sherwood, P. J.,* and *Gantt, J.,* concur.