ESTELLA WARD *v.* STATE OF MISSISSIPPI.

[43 South., 466.]

CRIMINAL LAW AND PROCEDURE. *Larceny. Affidavit. Separate articles. Different owners.*

An affidavit charging petit larceny is not vitiated by averring the articles of property stolen to belong to different owners; but on the trial in such case the state would be compelled to show a single asportation.

FROM the circuit court of Claiborne county.

HON. JOHN N. BUSH, Judge.

Madame Ward, appellant, having been convicted of petit larceny before a justice of the peace, appealed to the circuit court; and, upon her conviction there, she appealed to the supreme court.

The affidavit, as amended in the circuit court, on which appellant was convicted, charged that she "then and there did feloniously steal, take and carry away one shirt waist of the value of $2.50, the personal property of Mrs. Howard, and twelve yards of calico, of the value of $1, the property of Carrie Ryan." The amended affidavit was demurred to by appellant in the circuit court on the ground that it charged two separate offenses, but her demurrer was however overruled.

The testimony for the state showed that the articles mentioned were found hidden beneath appellant's bed. The only evidence of Carrie Ryan's ownership of the calico was, that Mrs. Howard had bought the same for her, and had placed the same in her bureau drawer whence the calico had been taken, evidently by appellant, before its discovery by Mrs. Howard to Carrie. The evidence as to Mrs. Howard's ownership of the shirt waist rested solely on the testimony of her husband, who testified that his wife told him, in the absence of

appellant, that she missed the shirt waist from her bureau shortly before it was found hidden under appellant's bed.

*C. A. French,* for appellant.

The amended affidavit set out two separate and distinct larcenies in one count and in one sentence. This was not good pleading. The appellant could not tell upon which charge she was to be tried. *Hill* v. *State,* 72 Miss., 527, 17 South., 375; *Roberts* v. *State,* 55 Miss., 421; *Harris* v. *State,* 71 Miss., 598, 14 South., 266; 22 Cyc., 376.

The affidavit charged that the calico belonged to Carrie Ryan. The testimony of Carrie Ryan however shows that Mrs. Howard had bought the calico for Carrie Ryan, but had not given it to her, still retaining possession of it when it was taken. It was therefore, in law, the property of Mrs. Howard. A person derives no title to property given him until there has been a delivery of the same to him by the donor.

Moreover, the evidence to uphold Mrs. Howard's ownership of the shirt waist, resting solely upon her husband's testimony and based on what Mrs. Howard had, in the absence of appellant, told him, was purely hearsay.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The only important question of law in this case is, whether the affidavit, as amended, was fatally defective in charging more than one crime in the same count. Counsel for appellant contends that since there were two articles stolen, each belonging to different persons, two crimes are charged in the same affidavit. Now, it is the state's contention that if a person steals at the same time and by the same act two articles, both together forming one package, or even in different packages, only one larceny has been committed. It makes no difference that there were two articles or more stolen, nor does it matter as to the ownership of the various articles, if only one criminal act was necessary in order to complete the larceny.

That the stealing of several articles of personal property at the same time and place constitutes only one offense, and should be so charged, even though the different articles may belong to different owners, has been held to be the law in Missouri, Nevada, New Hampshire, Oregon, Pennsylvania, Tennessee, Georgia, Kentucky, Maryland, Ohio, Vermont, Washington, Massachusetts, Illinois, Virginia, Texas and District of Columbia; and also so held under statutes of the United States.    See the overwhelming collection of cases in 27 Am. Digest, sec. 393, p. 695.

These authorities announce well settled rules which can be found in any standard text-book upon the subject. This doctrine is upheld by the language of this court in *Scarver* v. *State,* 53 Miss., 407.

Whether, on the facts, the articles charged to be the property of Carrie Ryan and of Mrs. Howard, the owners thereof alleged in the affidavit, are so shown, is respectfully referred to the court.

CALHOON, J., delivered the opinion of the court.

The affidavit is not vitiated by charging that different articles stolen were the property of different persons, specifying the articles and owners. The only result would be, on the trial in this case, to compel the state to show a single asportation. However, it is plain that the article charged to be the property of Carrie Ryan was not hers. It was only promised to be given her, and never delivered. She could not have maintained replevin for it against Mrs. Howard. It is also plain that the evidence of ownership of any of the property by Mrs. Howard is mere hearsay, and cannot sustain conviction.

*Reversed and remanded.*