RICHARD N. DALTON ET AL. *v.* STATE OF MISSISSIPPI.

[44 South., 802.]

CRIMINAL LAW AND PROCEDURE. *Larceny. Indictment. Diverse ownership. Demurrer. Single taking.*

An indictment charging the larceny of several pieces of property belonging to different owners is not demurrable for duplicity where the taking and asporation are shown to have been single.

FROM the circuit court of Union county.

HON. JAMES B. BOOTHE, Judge.

Dalton and another, the appellees, were indicted for grand larceny, and demurred to the indictment. The trial court sustained the demurrer and the state appealed to the supreme court.

The indictment alleged that appellees " unlawfully and feloniously did take, steal and carry away $2,067, lawful money of the United States of America, the personal property then and there of the Southern Express Company, and $30 lawful money of the United States of America, the personal

property then and there of Jefferson Marshall; against the peace and dignity of the state of Mississippi."

The demurrer was upon the ground that the indictment was double in that it charged two separate and distinct felonies in the same count.

*R. V. Fletcher,* attorney-general, for appellant.

The circuit court erred in sustaining the demurrer to the indictment. The allegations of ownership in the indictment are merely descriptive of the offense committed. *Ward* v. *State,* 90 Miss., 249, 43 South., 466.

If the money, though belonging to different owners, had constituted but one single package, or if it were all stolen at the same time by one criminal act, it would follow, that but one crime was committed. If, on the trial of the cause, it should appear that such was not the case, then would be the proper time to raise the objection. But, viewed on demurrer, the indictment is valid. 12 Encyc. Pl. & Pr., 1006, and notes; 1 Bishop Crim. Law, 637; Wharton Crim. Law, § 948; *Hoiles* v. *United States,* 3 McArthur (D. C.), 370, 36 Am. Rep., 106.

*LeRoy Kenneday,* for appellees.

The indictment charges two separate and distinct offenses: one, the taking of money belonging to the Southern Express Company; the other, the taking of other money belonging to Marshall. There must have been two separate packages or parcels of money, and the inference is that these two packages were not kept together, if the court takes judicial knowledge of the general business of public carriers such as express companies. The indictment was therefore duplex, and the lower court's action was correct. *Hill* v. *State,* 17 South., 375; *Strawhorn* v. *State,* 37 Miss., 422; *Walker* v. *State,* 41 South., 289; *Freeman* v. *State,* 90 Miss., 315, 43 South., 289.

*Frank Roberson,* on the same side.

It is an erroneous assumption on the part of the learned at-

torney-general that the duplicity of the indictment was argued solely because of its averment of two separate ownerships. The demurrer was sustained by the lower court not merely because of plurality of owners, but also for the additional reason that the indictment failed to charge that the properties of the two different owners were stolen at the same time and place under the same criminal impulse and as one criminal act. The necessities of this case do not demand discussion as to whether the larceny of the articles belonging to different persons can be charged in one count of an indictment. The principal question here is, was there a continuous transaction as affecting the property of the express company and the property of Marshall.

Every authority cited by the learned attorney-general is referred to on the idea that the indictment in the instant case charges that the separate felonious takings of property were committed at the same time as one act.        .

The distinction between this case and that of *Ward* v. *State,* 90 Miss., 249, 43 South., 466, is apparent. The words "then and there" as used in the indictment in that case referred to the taking, the manner and character of the criminal act by Ward, and, paraphrased, would read that she, at the time and place mentioned took, stole and carried away certain property belonging to one person and certain other property belonging to another. The indictment in the case now before the court uses the words "then and there" in an entirely different sense, not only failing to charge that the act was done at the time and place mentioned, but disassociates the properties by a repetition of the words "then and there" after alleging the taking of the second property; thus showing that takings of the two amounts of money described in the indictment were in no way connected. The *sine qua non* to make the indictment good is that these words, "then and there" refer to the taking, not to the ownership or the venue. As used in the indictment the words simply show the venue and jurisdiction, that the act was done in each

case within Union county.   10 Encyc. Pl. & Pr., 524; *Dreyer* v. *People,* 176 Ill., 590.

All presumptions are against the pleader.   This principle of law applies to the state as the framer of an indictment.   An accused party has the same right to be free from indictment as from conviction, hence there should be no inference of any kind against him.   Hughes Crim. Law, 118; *State* v. *Merrill,* 44 N. H., 624; *Bushman* v. *Commonwealth,* 138 Mass., 507.

In the case of *Joslyn* v. *State,* 125 Ind., 160; 25 Am. St. Rep., 425, the indictment was drawn in manner similar to the one here considered; and the Indiana supreme court sustained a demurrer on the ground of duplicity.

MAYES, J., delivered the opinion of the court.

It was error for the court to sustain the demurrer filed to this indictment.   The precise question was decided by this court in the case of *Ward* v. *State,* 90 Miss., 249, 43 South., 466. However diverse may be the ownership of property which is the subject of larceny, if the act of taking constitutes but a single act, but one offense is committed.   The allegation of ownership in the indictment is merely descriptive of the offense committed. The prosecution is not conducted in the name of the owner, nor for his benefit; but it is conducted in the name of the state, and the state alone, in so far as the prosecution is concerned, is the aggrieved party.   An offense is committed against the state whenever there is an act of larceny, and there are just as many offenses as there are separate and distinct acts of larceny; but, whenever by a single act property belonging to different owners is the subject of the theft, there is but one offense committed. This holding is in accord with almost the unanimous authority on this subject.   12 Ency. Pl. & Pr., p. 1006, and notes; 1 Bishop's Criminal Law, p. 637; Wharton's Criminal Law, § 948; *Hoiles* v. *U. S.,* 3 McArthur (D. C.), 370, 36 Am. Rep., 106.

The decision of the court sustaining this demurrer being erroneous, the case is reversed, and the cause remanded.