# Clemm v. The State.

### Grand Larceny.

(Decided Dec. 19, 1907. 45 South. 212.)

*Larceny; Property of Different Persons; Indictment.*—Where different articles of property belonging to different persons are stolen at the same time and place the offense is single and should be laid in one count; but the indictment should show affirmatively that the different articles belonging to different persons were taken at the same time and place.

[Clemm v. The State.]

APPEAL from Jefferson Criminal Court.

Heard before Hon. DAN A. GREENE.

Rufus Clemm was convicted of larceny, and he appeals. Reversed and remanded.

The indictment was in the following language: "The grand jury of said county charges that before the finding of this indictment Rufus Clemm feloniously took and carried away nine windows, consisting of glass and sash, of the aggregate value of fifteen dollars and seventy-five cents the personal property of the Gray & Dudley Hardware Company, a body corporate, and one lot of lumber, a particular description of which is unknown to the grand jury, of the value of twenty-five dollars, the personal property of Charles M. Allen," etc. Demurrers were interposed to this indictment as follows: "(1) It appears from said indictment that two offenses are alleged in the same count of the indictment. (2) There is a misjoinder, in that the ownership of a part of the property is laid in the Gray & Dudley Hardware Company and the other in C. M. Allen. (3) Said indictment is vague, indefinite, and uncertain." These demurrers were overruled, and the defendant convicted.

LEA & CONNIFF, for appellant. The indictment was subject to the demurrers.—*Adams v. The State*, 55 Ala. 143; *James v. The State*, 104 Ala. 27; *Thomas v. The State*, 111 Ala. 51; *Meadows v. The State*, 136 Ala. 67. There is no evidence of the value of the articles stolen. —*Booker v. The State*, 44 South. 56.

ALEXANDER M. GARBER, Attorney General, for the State.

TYSON, C. J.—The rule is well established that, when articles of property belonging to different owners are stolen at the same time and place, the offense is sin-

gle and must be charged in the same count.—*State v. Dalton* (Miss.) 44 South. 802, and authorities there cited; 22 Cyc. 383 and note. But to come within this rule the averments of the count should affirmatively show that the property of the different owners was stolen at the same time and place. Good pleading requires this, in order to exclude the intendment, which must be indulged on demurrer, to avoid the objection so taken, that two distinct larcenies were committed. The averment of the indictment in this case was faulty in that respect, and the demurrer to it should have been sustained.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.