STATE OF IOWA v. JOE SAMPSON, Appellant.

Criminal law: LARCENY: FORMER JEOPARDY. The theft of several articles at one and the same time, and by the same act, is an indivisible crime, even though the articles stolen belong to different persons and the takings were separated by a brief interval of time; and punishment for the theft of one of the articles is a bar to a subsequent prosecution for the theft of part or all of the other articles. In this action conviction for simple larceny for theft of a watch from one of defendant's roommates was a bar to a subsequent prosecution for larceny from the dwelling, based on the theft of money from another roommate at the same time.

**Same.** Although the former prosecution for simple larceny was before a justice of the peace, and the latter prosecution was upon the charge of larceny from a dwelling house, of which a justice would not have jurisdiction; still as the former offense was included in the latter charge, the conviction for simple larceny was a bar to the subsequent prosecution.

**Same:** JURISDICTION. Although the larceny may have been from a dwelling, the state may disregard this aggravating circumstance and charge the defendant with simple larceny; and having done so it is in no position to question the validity of a conviction of the offense as charged, which was clearly within the jurisdiction of the court.

*Appeal from Cerro Gordo District Court.*—HON. J. F. CLYDE, Judge.

TUESDAY, NOVEMBER 19, 1912.

FROM a judgment convicting him of larceny from a dwelling the defendant appeals.—*Reversed.*

*F. A. Ontjes,* for appellant.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for the State.

LADD, J.—The accused, with Charles Bergman and Hans Olson, occupied the same room at 205 Hoyt street, in Mason City, and had done so for several weeks. In the evening of February 17, 1911, he retired at about 10 o'clock, and the others shortly afterwards, and, after they had fallen asleep, he arose, dressed, and seizing Olson's watch from the dresser and Bergman's purse containing $42 from his trunk, departed. He was subsequently arrested and two informations filed with a justice of the peace, the one, sworn to by Olson, charging him with petit larceny of the watch and the other, sworn to by Bergman, alleging the larceny of the money from a dwelling. He

pleaded guilty to both informations, and was immediately
sentenced to serve a term of thirty days in the county jail
on the former charge, and bound over to the grand jury on
the latter, and was later indicted for the offense of larceny
from a dwelling house.   When put on trial, he pleaded
his conviction of larceny of the watch by the justice as a
bar to his prosecution under the indictment.   On this issue,
the court instructed that, "if in point of time and cir-
cumstances the taking of the watch and money was done
on a single act or transaction, then there was but one
crime, and your verdict must be for the defendant.   But,
if you find from the evidence that in point of time and
circumstances the taking of the watch and money were
done as separate acts and transactions, and not a single
act or transaction, then the conviction of the crime of
larceny of the watch would not bar a conviction of larceny
of the money described in the indictment."

Appellant insists that no such issue was raised by
the evidence, and in this we concur.   The taking was from
the same room, and, though the watch was stolen from the
dresser and money from the trunk, these
were parts of the same transaction perpe-
trated at the same time.   That an instant
or several minutes may have intervened between seizing
the watch and the purse can make no difference if these
were a part of the same transaction wherein the accused
carried out his design of stealing these articles.   Nor does
the circumstance that the property belonged to different
persons render the transaction divisible into two offenses.
The state may not split up and prosecute separately distinct
parts of the same crime.   Undoubtedly, many authorities
may be found holding that where a man simultaneously
takes two or more articles belonging to different persons,
even though at the same time, he may be separately pros-
ecuted for the taking from each owner.

In *State v. Thurston,* 2 McMul. (S. C.) 382, the

1. CRIMINAL LAW:
larceny: for-
mer jeopardy.

prisoner stole cotton belonging to three different persons, and the conviction of larceny in stealing that of one was held not to be a bar to prosecution for theft from the others, saying "the stealing of the goods of different persons is always a distinct felony, or may at least be so treated by the solicitor, if in his discretion he thinks proper so to do." See, also, *Commonwealth v. Sullivan,* 104 Mass. 553; *United States v. Beerman,* 5 Cranch, 420, Fed. Cas. No. 14,560. But these and like decisions in England have not been followed generally in this country. In *State v. Emery,* 68 Vt. 109 (34 Atl. 432, 54 Am. St. Rep. 878), the court states the rules sustained by the clear weight of authority as follows: "The theft of several articles at one and the same time and place, and by one and the same act, constitutes but one indivisible crime, even though the articles belong to different owners; and the judgment of conviction or acquittal of the theft of one of the articles is a bar to a prosecution for the theft of the others. A prosecution and conviction or acquittal for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime. It is equally well settled that if, on the same expedition, there are several distinct larcenous takings, as taking the goods of one person at one place, and afterward taking the goods of another person at another place, and so on, as many crimes are committed as they are several and distinct takings." In *Lurton v. State,* 7 Mo. 55 (37 Am. Dec. 179), the larceny was of goods belonging to Curle and Gibson, and instructions embodying the above principles were refused, and this was held to be error. See, also, *State v. Morphin,* 37 Mo. 373. In *State v. Hennessey,* 23 Ohio St. 339 (13 Am. Rep. 253), conviction was reversed on the same ground; the court saying: "The particular ownership of the property which is the subject of a larceny does not fall within the definition, and is not of the essence of the crime. The gist of the offense consists in feloniously taking the

property of another; and neither the legal nor the moral quality of the act is at all affected by the fact that the property stolen, instead of being owned by one or by two or more jointly, is the several property of different persons. The particular ownership of the property is charged in the indictment, not to give character to the act of taking, but merely by way of description of the particular offense." In *Hudson v. State,* 9 Tex. App. 151 (35 Am. Rep. 732), the prisoner was accused of the theft of a gold watch of Mrs. Hurndall taken from her room, and pleaded in bar a conviction of the theft of money and goods of her son taken from another room in the same house on the same night. On the trial the prisoner requested the court to instruct that, "when a variety of articles are stolen at the same time and from the same place and from the same or different persons, it is only one offense." The court gave the instruction, with this qualification added: "The proof must show, before the jury can consider a transaction to constitute only one offense, that the articles stolen were in possession of the same party and taken from the same place and at the same time, and if any reasonable space of time elapses between the taking of one and the taking of the other articles or they are taken from different places, it will be two distinct offenses." The court disapproved of the modification, saying, in conclusion, that:

In order to avoid misapprehension, it may be well to say that, when various articles are stolen at the same time and place, the transaction is not divisible, but is one transaction, and that a prosecution for the theft of a portion of the articles so taken would bar a prosecution for the theft of another portion of the same articles, whether the property belonged to or was in the possession of the same person or different persons. But we must not be understood as holding that the different articles taken from different persons and from different places, as from different rooms of a house occupied by different persons, would necessarily be one transaction; but, on the contrary, that

property thus situated would on proper averments and
proof support different prosecutions. For example, if a
thief should enter the room of one lodger at a hotel, and
should there perpetrate a theft, and should then pass to
the room of another lodger and there commit another theft,
these would be different thefts, and each might be pro-
secuted separately, and a conviction or an acquittal for the
one would be no bar to the prosecution of the other. So
in case of one horse being taken from the inclosure of A.,
and another from the inclosure B., these would be separate
offenses. What the law prohibits is the cutting up of one
transaction into different offenses, and holding one accused
liable for more than one penalty when there has been but
one violation.

See, also, *Jackson v. State,* 14 Ind. 327; *Roberts v.
State,* 14 Ga. 8 (58 Am. Dec. 528); *State v. Williams,* 10
Hump. (Tenn.) 101; *State v. Clark,* 32 Ark. 231; 2
Bishop's New Crim. Law, section 888. In *State v. Egg-
lesht,* 41 Iowa, 575, the holding was that, where one at
the same time and by the same act passed to a teller of
a bank four forged checks, he was guilty of but one offense,
and that a conviction for altering one of the checks was
a bar to a conviction upon the others. After referring to
many of the authorities now cited, the court remarked:

"It seems impossible to maintain the doctrine of the
former cases upon principle. If the stealing of various
articles owned by different individuals constitutes as many
distinct offenses as there are owners, then they can not be
united as one offense in the indictment. If one should at
the same time, and as one act, steal two watches, each of
the value of $15, and owned by different persons, and
another person should steal in the same manner two articles
of like value owned by one person, it would be difficult to
give a reason satisfactory to the legal mind why one should
expiate his offense with a fine of $200 or imprisonment in
the county jail for sixty days, whilst the other should be
sent to the penitentiary for the period of five years." See,
also, *State v. Larson,* 85 Iowa, 659.

There is no logical escape from this conclusion that the theft of articles belonging to different persons at the same place and time constitutes a single offense. The matter of ownership does not characterize the crime. Neither the legal nor normal phase of the offense is affected by the fact that portions of property taken may have belonged to different persons, and there is no ground, on the one hand, for allowing the state to split up the single act of the accused into subjects for several prosecutions, nor, on the other, for denying it the right to prosecute for the entire transaction as a single offense, aggravated by increased value of all the property stolen. As the watch and purse were stolen at the same place and time, but one offense was committed.

It is argued that, as the accused is now charged with the commission of an offense of which a justice of the peace has no jurisdiction, the former conviction can not operate as a bar. Simple

2. SAME.

larceny is an offense included within the compound larceny from a dwelling house (*State v. Nordman,* 101 Iowa, 446), and if, after having been punished for the simple larceny, he is again punished for compound larceny, in which the simple larceny is included and of which it is a necessary ingredient, he is twice punished for simple larceny—once upon the conviction of simple larceny alone and a second time upon the conviction of the same simple larceny as a part of a compound larceny. There are no degrees in the crime of larceny; the circumstances of the offense being recited in the several statutes by way of aggravation in fixing punishment, and manifestly a conviction thereof in the absence of allegation or proof of these attending circumstances is a conviction of precisely the same offense as when these are included. So it has been held that conviction of petit larceny is a bar to subsequent prosecution for grand larceny on the same facts. *State v. Murray,* 55 Iowa, 530. In *State v. Mike-*

*sell,* 70 Iowa, 176, an acquittal of a charge of larceny from a dwelling in the nighttime was adjudged a bar to a prosecution for robbery for that he had been acquitted of larceny, the essential element of both offenses. It is laid down in 1 Wharton, American Crim. Law, that: "If on a trial of the major offense there can be a conviction of the minor, then a former conviction or acquittal of the minor will bar the major." And, as applying the principle to cases like that under consideration, see *State v. Gleason,* 56 Iowa, 203; *State v. Wiles,* 26 Minn. 381 (4 N. W. 615); *Floyd v. State,* 80 Ark. 94 (96 S. W. 125); *Powell v. State,* 89 Ala. 172 (8 South. 109); *State v. Paul,* 81 Iowa, 597; *State v. Blodgett,* 143 Iowa, 578. The same offense was charged in the information and the indictment. Though the latter included aggravating circumstances omitted in the former, the criminal intent was the same, and we are of the opinion that the conviction of petit larceny under the information in the absence of fraud or collusion was a complete bar to the subsequent prosecution under the indictment for larceny from a dwelling house.

The Attorney General suggests that, inasmuch as the larceny was from a dwelling, the justice of the peace was without jurisdiction in convicting the accused of

3. SAME: jurisdiction. simple larceny, even though he was charged with the latter offense in the information. The state in prosecuting may disregard or omit in the charge lodged against the prisoner any or all aggravating circumstances, and, having done so, is not in a situation to challenge the validity of a conviction of an offense which as charged was clearly within the jurisdiction of the court.

The plea of former conviction should have been sustained.—*Reversed.*