SMITH *v.* STATE.*

(Division B. April 1, 1929.)

[121 So. 282. No. 27888.]

---

*Corpus Juris-Cyc References: Indictments and Informations, 31CJ, section 328, p. 770, n. 98. As to effect of charging more than one crime in same count in indictment, for larceny, see annotation in 18 A. L. R. 1077; 17 R. C. L. 54; 4 R. C. L. Supp. 1108; 5 R. C. L. Supp. 933.

*D. W. Draughn,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

ETHRIDGE, P. J. The appellant was indicted by the grand jury of Greene county for grand larceny, the indictment charging that: "Horace Smith . . . on the —— day of ——, A. D. 1928, did unlawfully and feloniously take, steal and carry away one cow of the value of thirty dollars, the personal property of Pat James, and one cow of the value of thirty dollars, the personal property of Mrs. Pearl Turner, and one yearling of the value of twenty dollars, the personal property of J. M. Clark, all of the aggregate value of eighty dollars. Contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Mississippi."

It is contended that the indictment is void because it contains three separate felonies in one count.

There was no demurrer to the indictment in the court below as is required for a person to take advantage of an indictment unless it is absolutely void. But, had the indictment been demurred to, it would have been valid under the case of *Dalton* v. *State,* 91 Miss. 162, 44 So. 802, 124 Am. St. Rep. 637, wherein the court said: "However diverse may be the ownership of property which is the subject of larceny, if the act of taking constitutes but a single act, but one offense is committed. The allegation of ownership in the indictment is merely descriptive of the offense committed. The prosecution is not conducted in the name of the owner, nor for his

benefit; but it is conducted in the name of the state, and the state alone, insofar as the prosecution is concerned, is the aggrieved party. An offense is committed against the state whenever there is an act of larceny, and there are just as many offenses as there are separate and distinct acts of larceny; but, whenever by a single act property belonging to different owners is the subject of the theft, there is but one offense committed. This holding is in accord with almost the unanimous authority on this subject.'' 12 Encyc. Pl. & Pr. 1006; 1 Bishop's Criminal Law, p. 637; Wharton's Criminal Law, section 948; *Hoiles* v. *U. S.,* 10 D. C. (3 McArthur) 370, 36 Am. Rep. 106. See, also, to the same effect, *Ward* v. *State,* 90 Miss. 249, 43 So. 466, and *State* v. *Quintini* (Miss.), 51 So. 276.

There is no assignment of error as to the sufficiency of the evidence to sustain the charges as made in the indictment, and the judgment of the court below will be affirmed.

*Affirmed.*