## ROBINSON v. UNITED STATES.
### No. 2897.

Circuit Court of Appeals, Tenth Circuit.
May 26, 1944.

Rehearing Denied July 17, 1944.

Willard Mack Robinson, pro se.

Charles E. Dierker, U. S. Atty., and John Brett, Asst. U. S. Atty., both of Oklahoma City, Okl., for the United States.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

An indictment containing four counts was returned against Robinson and another in the United States District Court for the Western District of Oklahoma. It was numbered 13,457. The first count charged a conspiracy to violate 18 U.S.C.A. § 398 The second count charged that the defendants on November 17, 1940, transported in interstate commerce from Corpus Christi, Texas, to Oklahoma City, Oklahoma, by means of a certain motor vehicle, to wit, an automobile, Ida Pauline Blake Taylor, with the intent and for the immoral purpose that she should engage in the practice of prostitution in Oklahoma. The charges in the third and fourth counts were substantially identical with the charge in the second count, except that the third count charged the transportation of Betty Jean Hall, and the fourth count charged the transportation of Lorene Moulton.

Robinson entered pleas of guilty to the several counts of the indictment. He was sentenced to imprisonment in an institution of the penitentiary type for the period of two years from the date of delivery on the first count, and for the period of five years from the date of delivery on the second and third counts, and for the period of five years on the fourth count, the sentence on the fourth count to commence at the expiration of service of the sentences imposed on the second and third counts.

An indictment containing three counts was returned against Robinson and another in the United States District Court for the Western District of Oklahoma. It was numbered 13,528. The first count charged a conspiracy to violate 18 U.S.C.A. § 398. The second count charged that the defendants on or about October 31, 1940, transported in interstate commerce from Wichita, Kansas, to Oklahoma City, Oklahoma, by means of a certain motor vehicle, to wit, an automobile, Marie Maenza and

Ann Mitchell, with the intent and for the immoral purpose that they should engage in the practice of prostitution and debauchery in Oklahoma. The third count charged that the defendants on or about December 14, 1940, transported in interstate commerce from Oklahoma City, Oklahoma, to Kansas City, Missouri, by means of a certain motor vehicle, to wit, an automobile, Marie Maenza and Ann Mitchell, with the intent and for the immoral purpose that they should engage in the practice of prostitution and debauchery in Missouri.

Robinson entered a plea of guilty to each count of the indictment in No. 13,528. He was sentenced to imprisonment in an institution of the penitentiary type for the period of two years from the date of delivery on the first count, and for the period of five years from the date of delivery on each of the second and third counts. The sentences imposed in No. 13,528 were to run concurrently with the sentences imposed on the first, second, and third counts in No. 13,457.

Robinson filed a motion to vacate the judgments and sentences and for the imposition of new sentences in both cases to run concurrently with each other, commencing on March 22, 1941, and neither to exceed five years. From a denial of the motion, Robinson has appealed.

▮ It is well settled that conspiracy to commit a substantive offense and the substantive offense are separate and distinct crimes.[1]

It is obvious that the several counts in No. 13,528 charged separate and distinct offenses and that such offenses were separate and distinct from those charged in No. 13,457.

The question remains whether counts two, three, and four in No. 13,457 charge separate and distinct offenses. 18 U.S.C.A. § 398 makes it an offense to transport in interstate commerce "any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose."

We think it is a fair inference that each of the women named in counts two, three, and four of No. 13,457 was transported at the same time and in the same automobile.

▮ The test for determining whether the offenses charged in the several counts of the indictment are identical is whether the facts alleged in one, if offered in support of the others, would sustain a conviction.[2] Where each count requires proof of a fact, which the others do not, the several offenses charged are not identical.[3]

It may be urged that in order to establish count two in No. 13,457, it was necessary to prove the transportation of the particular woman named therein and that she was transported for the purpose of prostitution, facts not required to be proven in order to establish either of the other two counts; that the same may be said with respect to counts three and four; and, hence, that each count required proof of facts which the others did not.[4]

▮ The same transaction may constitute separate and distinct crimes where it is susceptible of separation into parts, each of which in itself constitutes a completed offense.[5] But the same evidence test must be applied with some discrimination. Merely because one element of a single criminal act embraces two persons or things, a prosecutor may not carve out two offenses by charging the several elements of the single offense in different counts and designating only one of the persons or things in one count and designating only the other person or thing in the other count.

[1] Chew v. United States, 8 Cir., 9 F. 2d 348, 353; Curtis v. United States, 10 Cir., 67 F.2d 943, 947; Hall v. United States, 10 Cir., 78 F.2d 168, 169; United States v. Rabinowich, 238 U.S. 78, 86, 35 S.Ct. 682, 59 L.Ed. 1211.

[2] Bracey v. Zerbst, 10 Cir., 93 F.2d 8, 9; Curtis v. United States, 10 Cir., 67 F.2d 943, 947; Gilmore v. United States, 10 Cir., 124 F.2d 537, 539; Morgan v. Devine, 237 U.S. 632, 639, 35 S.Ct. 712, 59 L.Ed. 1153; Ebeling v. Morgan, 237 U.S. 625, 630, 631, 35 S.Ct. 710, 59 L. Ed. 1151.

[3] Bracey v. Zerbst, 10 Cir., 93 F.2d 8, 9; Schultz v. Zerbst, 10 Cir., 73 F.2d 668, 669; Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L. Ed. 306; Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489.

[4] See Gillenwaters v. Biddle, 8 Cir., 18 F.2d 206, but compare United States v. Westman, D.C.Or., 182 F. 1017.

[5] See Morgan v. Devine, 237 U.S. 632, 640, 35 S.Ct. 712, 714, 59 L.Ed. 1153, where the court said:

"But the test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent and are such as are made punishable by the act of Congress."

▉ Unlawful transportation is the gist of the offense.[6] In order to come within the statute, it must be of a woman or girl and for one or more of the immoral purposes designated in the statute. Here, the transportation was a single, continuous act and the offense was completed when the transportation crossed the state line.[7] As to each woman the offense commenced and ended simultaneously. There was not a series of steps, following one after the other, each of which constituted in itself a complete offense.[8] We think an analogy may be drawn with larceny at common law. Larceny is the felonious taking by trespass and the carrying away of the personal property of another, without the latter's consent, and with the felonious intent permanently to deprive the owner of such property. If a person drove a vehicle to the barn of another and unlawfully and feloniously loaded into the vehicle 25 sacks of corn, which had been stored in the barn by the owner, and carried it away with the intent permanently to deprive the owner of the possession thereof, such person would be guilty of a single larceny, although he loaded each sack into the vehicle separately and had an unlawful intent as to each sack of corn.[9] It would constitute a single offense, even though the corn taken belonged to different owners, because there would be one single act of taking and carrying away.[10]

And, by the weight of authority, where the same act or stroke results in the death of two persons, acquittal or conviction of the murder of one bars a subsequent prosecution for the killing of the other, because the killing is but one crime and cannot be divided.[11] If a single act against two persons, where the offense is against the person, constitutes but one offense, it must be all the more true when, as here, the offense is not against the person, but consists in the unlawful transportation for one of the interdicted purposes, and there was but a single transportation.

▉ We are of the opinion that the transportation here was a single, continuous act and constituted but one offense.

It follows that counts two, three, and four of the indictment in No. 13,457 constituted but one offense, and the maximum sentence which could have been lawfully imposed under No. 13,457 was seven years, and the maximum sentence which could have been lawfully imposed under No. 13,-528 was twelve years.

The order is reversed and the cause is remanded with instructions to vacate the sentences and impose new sentences within the limitations above indicated.

---

6 Caballero v. Hudspeth, 10 Cir., 114 F.2d 545, 547, and cases there cited.

7 Neff v. United States, 8 Cir., 105 F.2d 688, 691.

8 See Braverman v. United States, 317 U.S. 49, 54, 63 S.Ct. 99, 87 L.Ed. 23. Cf. Mitchell v. United States, 10 Cir., 142 F.2d 480.

9 Braden v. United States, 8 Cir., 270 F. 441, 443, 444; Johnston v. Lagomarsino, 9 Cir., 88 F.2d 86, 88; State v. Baker, 100 Vt. 380, 138 A. 736, 737; Dalton v. State, 91 Miss. 162, 44 So. 802, 124 Am.St.Rep. 637; State v. Wagner, 118 Mo. 626, 24 S.W. 219, 220; State v. Ward, 19 Nev. 297, 10 P. 133; Wharton's Criminal Law, 12th Ed., Sec. 1171.

10 Channock v. United States, 50 App. D.C. 54, 267 F. 612, 11 A.L.R. 799; State v. Maggard, 160 Mo. 469, 61 S.W. 184; State v. Sampson, 157 Iowa 257, 138 N.W. 473, 474, 42 L.R.A.,N.S., 967; Clemm v. State, 154 Ala. 12, 45 So. 212, 213, 129 Am.St.Rep. 17; Sweek v. People, 85 Colo. 479, 277 P. 1, 3; State v. Warren, 77 Md. 121, 26 A. 500, 39 Am. St.Rep. 401; State v. Douglas, 26 Nev. 196, 65 P. 802, 803; Dalton v. State, 91 Miss. 162, 44 So. 802, 124 Am.St.Rep. 17; People v. Sichofsky, 58 Cal.App. 257, 208 P. 340, 342.

11 State v. Wheelock, 216 Iowa 1428, 250 N.W. 617, 619–623; Smith v. State, 159 Tenn. 674, 21 S.W.2d 400, 402.