STATE of Iowa, Appellee,

v.

Ivanetta Johnson CABBELL, Appellant.

No. 59569.

Supreme Court of Iowa.

April 20, 1977.

452

Anna I. Shinkle, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Richard H. Doyle, IV, Asst. Attys. Gen., Ray A. Fenton, County Atty., and Rodney J. Ryan, Asst. County Atty., Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, UHLENHOPP, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

Ivanetta Johnson Cabbell (defendant), with another person, Constance Jewett, was charged with shoplifting. Goods were taken from two stores. The two were first seen in Younkers and then later in Penneys where they were arrested. Defendant had goods from both stores in her possession when arrested.

Two cases were filed against defendant. On December 17, 1975 defendant was charged with shoplifting under $20 (a misdemeanor) in violation of § 709.20, The

Code. She was tried and convicted of this charge January 19, 1976 and fined the sum of $100.

Three days before trial of the misdemeanor a county attorney's information was filed against defendant accusing her and Jewett of shoplifting over $20 in violation of § 709.20. This felony charge was brought in two counts. Count one charged defendants with a taking from Younkers. Count two charged defendants with a taking from Penneys.

Prior to trial defendant filed what amounted to a demurrer on the ground of former jeopardy. At hearing on this demurrer the State conceded count one should be dismissed because defendant's misdemeanor conviction was based on the taking from Younkers. However count two was not dismissed and the matter proceeded to a trial at which defendant was convicted. On appeal defendant challenges the propriety of the trial court's overruling of her demurrer. We affirm the trial court.

I. This court has clearly rejected the "episodic immunity" test when resolving a former jeopardy question. To the extent defendant's argument rests on the episodic immunity test it clearly fails. *State v. Birkestrand*, 239 N.W.2d 353, 364 (Iowa 1976); *State v. O'Kelly*, 211 N.W.2d 589, 593 (Iowa 1973).

II. In *Birkestrand*, 239 N.W.2d at 364, we said:

" * * * [G]enerally * * * a conviction and sentence on one charge is a bar to judgment upon another only if the evidence required to support a conviction on one would suffice to warrant a conviction on the other. (Authorities).

"Stated otherwise, when a requisite element of one offense is not necessarily essential to a conviction for another, no double punishment attends judgment on both unless one is an included offense in the other. (Authorities). * * *."

Defendant argues the single larceny rule establishes that the Younkers and Penneys incidents were each a part of a single of-

fense. Under the single larceny rule " * * the stealing of property from different owners at the same time and at the same place constitutes but one larceny." Annot., 37 A.L.R.3d 1385, 1410. See *State v. Sampson,* 157 Iowa 257, 138 N.W. 473 (1912); 52A C.J.S. Larceny § 54, pp. 480–481; 50 Am. Jur.2d, Larceny, § 3, pp. 154–155.

After calling for application of the single larceny rule, defendant proceeds to argue she was convicted of a lesser included offense of that "single larceny." She argues her conviction of the misdemeanor shoplifting at Younkers bars her conviction of the felony shoplifting at Penneys which she now appeals. In other words defendant argues the single larceny rule expands the former jeopardy bar resulting from her misdemeanor conviction. It is clear, and the State concedes, the misdemeanor conviction of shoplifting from Younkers bars any other prosecution arising from the Younkers taking. Defendant argues the single larceny rule expands that bar to encompass also the taking from Penneys. We disagree.

" * * * [I]t is well settled that if, on the same expedition, there are several distinct larcenous takings, as the taking of the goods of one person at one place, and afterward the taking of the goods of another person at another place, and so on, as many crimes are committed as there are several and distinct takings, and this is true although the thefts may all have been committed in rapid succession and in pursuance of a formed design to steal. * * *." 50 Am.Jur.2d, Larceny, § 3, pp. 154–155. See also 52A C.J.S. Larceny § 54, pp. 480–481; Annot., 37 A.L.R.3d 1407, 1414–1415 (1971). Our cases are in accord. *Sampson,* supra; *State v. Norman,* 135 Iowa 483, 113 N.W. 340 (1907). Cases cited by defendant are not in point. None included all three factors which appear in the instant case: different owners; different locations; and a lapse of time between incidents.

■ Defendant argues the authorities limiting the effect of the single larceny rule are not in point because shoplifting is not larcenous. It is highly doubtful defendant could claim the benefit of the single larceny rule for a crime other than larceny. In any event we believe shoplifting is a species of larceny. We note the legislature created shoplifting as a crime to be included in the larceny chapter. We also note the preamble to the act stated: "An Act relating to larceny, creating and defining the offense of shoplifting, providing penalties for such offense." Acts of the 59th G.A., 1961 Session, ch. 291. It is true a shoplifting statute creates a separate and distinct offense with some elements which differ from the elements of larceny. Nevertheless shoplifting is included within the offense of larceny in the ordinary use of the term. 52A C.J.S. Larceny § 1(5), p. 406; 50 Am.Jur.2d, Larceny, § 50, pp. 217–218.

■ We believe the single larceny rule is applicable to the crime of shoplifting but only to the same extent and under the same circumstances as in a larceny charge. Because of the differences in owners, locations and times it is inapplicable in the instant case.

■ We have not overlooked defendant's argument that the charges arising from Younkers and Penneys were joined in a single information. She cites § 773.36, The Code which provides only one offense may be charged in an indictment. From this she concludes the two takings must constitute one offense. The argument has two flaws. First there are recognized exceptions to the prohibition. See *State v. Criswell,* 242 N.W.2d 259, 260–261 (Iowa 1976). See also § 773.37, The Code (charging several offenses), and § 773.38, The Code (miscellaneous separate offenses). Secondly, even if we were to assume the charges were improperly joined it would merely show a misjoinder. It would indicate nothing as to whether there were one or two offenses.

AFFIRMED.