STATE of Iowa, Appellee,

v.

Terry Lee EVANS, Appellant.

No. 58859.

Supreme Court of Iowa.

Dec. 15, 1976.

Ronald W. Kuntz, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Steven K. Sandblom, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

Defendant appeals two convictions of delivery of a controlled substance in violation of § 204.401(1), The Code. The violations, alleged to have occurred March 28 and April 5, 1975, were tried jointly under separate counts of a county attorney's information. Following an accommodation hearing it was determined defendant did not deliver as an accommodation so as to qualify for application of § 204.410, The Code. In this appeal defendant raises four assignments of error. We find each assignment to be without merit and accordingly affirm the trial court.

From the evidence presented the jury could have believed the following facts. Charles Cramer (Cramer) an officer with the Des Moines metropolitan area narcotics squad sought to purchase marijuana from Terry Lee Evans (defendant). Defendant informed Cramer he had no marijuana but would in about a week.

On March 28, 1975 Cramer again called defendant by phone and asked if defendant had any marijuana to sell. Defendant advised he had marijuana to sell at $25 an ounce. Cramer was directed to drop by defendant's home the same evening.

Cramer did so and found defendant, his wife, and several juveniles at the residence. Marijuana smoking occurred while Cramer was there. Defendant handed Cramer two ounces of what was purported to be marijuana and Cramer gave defendant $50. The substance involved was later chemically identified as marijuana.

On April 5, 1975 Cramer again called defendant seeking to purchase a quarter pound of marijuana. Defendant stated the price would be $20 per ounce and told Cramer to come to his residence the same evening. Cramer arrived there before defendant but waited for him.

When defendant arrived home he asked if Cramer still wanted the "two lids." Cramer replied affirmatively. Defendant began to package and weigh the marijuana from a larger supply which appeared to Cramer to consist of about one pound. Defendant reached into the supply with a small plastic bag and started filling it. When it appeared to be an ounce he placed it on scales to weigh it. Cramer picked up the plastic bag from the scales and stated it did not weigh an ounce. At this time defendant noticed officers running toward his home.

Defendant and his wife hid the marijuana. Defendant then let the officers into his home. The officers seized the marijuana previously mentioned. The officers then searched the residence and discovered and seized other marijuana. Defendant was arrested. Marijuana involved in the sale, as well as other marijuana seized, was later introduced into evidence in defendant's trial in the instant case.

Defendant elected to testify in his own behalf. He testified he sold the marijuana for a stranger. He stated the stranger told him that he (the stranger) had a sick mother in California, needed money, and had no time to sell the marijuana. Defendant stated the stranger gave him the marijuana and equipment necessary for selling it.

■ I. Defendant's first assignment asserts the trial court should have sustained his motion for directed verdict. At the close of State's evidence defendant moved for directed verdict on grounds the State did not prove the three elements of the offense of delivery of a controlled substance. The motion was overruled and defendant thereafter offered evidence in the form of his own testimony. After testifying the defendant rested his case and did not renew his motion for directed verdict.

The rule is well settled error may not be predicated on the denial of a motion for directed verdict at the close of the State's case where additional evidence is offered thereafter. *State v. Ahern*, 227 N.W.2d 164, 168 (Iowa 1975); *State v. Hansen*, 225 N.W.2d 343, 348 (Iowa 1975) and authorities. Defendant's first assignment is accordingly without merit.

II. In his second assignment defendant contends separate offenses which do not arise from the same transaction cannot be joined in a single information. Defendant argues the State did not show the March 28 and April 5 deliveries were parts of the same transaction. Since he believes the deliveries were not parts of the same transaction defendant concludes evidence of either delivery was inadmissible upon trial for the other delivery. See *State v. Garren*, 220 N.W.2d 898, 900 (Iowa 1974).

■ A county attorney may join several offenses in one information where they are presented in separate counts so long as they relate to the same transaction. *State v. King*, 225 N.W.2d 337 (Iowa 1975); *State v. White*, 223 N.W.2d 173 (Iowa 1974). The "same transaction" portion of this requirement is modified somewhat in drug cases under the uniform controlled substance act by the terms of § 204.408, The Code, which provides:

"Information, indictments, trial, and sentencing for violations of this chapter may allege any number of violations of their provisions against one person and join one or more persons as defendants who it is alleged violated the same provisions in the same transaction or series of transactions and which involve common questions of law and fact. The several charges shall be set out in separate counts and each accused person shall be convicted or acquitted upon each count by separate verdict. Each accused person shall thereafter be sentenced upon each verdict of guilty. The court may consider such separate verdicts of guilty returned at the same time as one offense for the purpose of sentencing as provided in this chapter. The court may grant a severance and separate trial to any accused person jointly charged or indicted if it appears that substantial injustice would result to such accused person unless a separate trial was granted."

It is to be noted the section expressly refers to alleged violations arising from the same transaction *or series of transactions* and which involve common questions of law or fact. The section expressly provides for multiple offenses, allows joint criminal trials, and states rules for trying defendants together. The section also governs controlled substance prosecutions brought against a single defendant. A single defendant, as well as several defendants, may be called upon to defend separate prosecutions arising either from the same transaction or series of transactions.

■ The information in the instant case involved the March 28 delivery in count one and the April 5 delivery in count two. These two incidents were a part of the same series of transactions and involved common questions of law and fact. It was proper to try both counts in the same trial.

■ Defendant also argues the information procedure employed prejudiced him by creating confusion. Two counts of delivery were tried together. A separate charge of possession with intent to deliver was brought but not joined. This was not error. The State is not required to join all offenses against defendant in one information. See *State v. Cook*, 261 Iowa 1341, 1348, 158 N.W.2d 26, 30–31 (1968).

Defendant makes other claims regarding the information procedure employed and urges other ways in which he feels prejudicial confusion resulted. To detail them would unduly extend this opinion. We find them without merit.

III. In his third assignment defendant argues error occurred at the accommodation hearing. At that hearing Officer Cramer testified defendant's wife twice sold marijuana at the residence she shared with defendant. Circumstances of such sales were similar to those giving rise to these prosecutions. This evidence had been suppressed at trial but was admitted over defense objections at the accommodation hearing.

Defendant contends the accommodation hearing was a part of the trial proceedings and it was error for the trial court not to follow the suppression ruling. Alternatively defendant argues admission of the evidence was error because it was irrelevant, immaterial, and prejudicial. He argues sales by defendant's wife were not relevant

to show defendant sold marijuana for profit.

The ruling suppressing evidence of sales by defendant's wife was a limited one. Three judges were involved in these proceedings. One originally sustained the pretrial motion to suppress the evidence but stated the ruling was subject to re-examination by the trial court. The trial judge suppressed the evidence for purposes of the jury trial. A third judge presided over the accommodation hearing. He properly re-examined the pretrial suppression ruling.

■ The question before a court at an accommodation hearing differs considerably from the issues tried before the jury. Consequently evidence which might have no relevance at a trial may have relevance at an accommodation hearing.

■ The question becomes whether evidence of sales of marijuana by defendant's wife was relevant and material at defendant's accommodation hearing. In *State v. Sparks*, 238 N.W.2d 777, 779 (Iowa 1976) we said: "The basic test of relevancy is whether the evidence offered would render the desired inference more probable than it would be without the evidence. (Authority) * * *." See also *State v. Mathias*, 216 N.W.2d 319, 322 (Iowa 1974); *State v. Engeman*, 217 N.W.2d 638 (Iowa 1974).

Evidence of sales by defendant's wife, together with evidence of sales by defendant himself, tends to show the couple was involved together in the commercial sale of marijuana. The evidence tends to show the operation was of a business nature and not an accommodation. The evidence was therefore relevant and there was no error in admitting it.

IV. Defendant's final assignment is a claim § 204.401 is unconstitutional because it subjects him to former jeopardy in violation of the Fifth Amendment to the United States Constitution. He believes the statute subjects him to multiple punishment for the same offense.

■ The Fifth Amendment protection from former jeopardy applies to State prosecutions. *Benton v. Maryland*, 395 U.S. 784, 794–795, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707, 715–716 (1969). Defendant claims he was placed in jeopardy in the separate case for possessing marijuana with intent to deliver, a case never tried and still pending in district court. Defendant argues, since he was in jeopardy on the prosecution for possession with intent to deliver, we should apply the "same evidence test" and prohibit further prosecution in the instant case.

■ We need not reach the merits of this contention because defendant is precluded from urging it by a threshold question. Jeopardy must first attach before it can bar a further prosecution. The principles of when jeopardy attaches are well settled. See *State v. Birkestrand*, 239 N.W.2d 353, 362–363 (Iowa 1976); *State v. Gowins*, 211 N.W.2d 302 (Iowa 1973); 21 Am.Jur.2d, Criminal Law, §§ 175–177, pp. 236–237; 22 C.J.S. Criminal Law § 241, pp. 636–641. Jeopardy is often said to attach when the jury is sworn or upon acceptance of a tendered guilty plea. Certainly jeopardy does not attach prior to the swearing of the jury or tender of the plea. A jury has never been sworn to try defendant in the separate pending charge nor has defendant ever entered a guilty plea to that charge. Accordingly jeopardy has not attached. There is no merit to defendant's final assignment.

AFFIRMED.