**STATE of Iowa, Appellant,**

v.

**Everett Raymond AMSDEN, Appellee.**

**No. 64347.**

Supreme Court of Iowa.

Jan. 14, 1981.

Thomas J. Miller, Atty. Gen., Julie F. Pottorff, Asst. Atty. Gen., and Patrick C. McCormick, Woodbury County Atty., for appellant.

Donald H. Molstad of Shuminsky & Shuminsky, Sioux City, for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, ALLBEE, and McGIVERIN, JJ.

UHLENHOPP, Justice.

In this appeal from a grant of a new trial in a prosecution for first-degree theft, we construe section 714.3, The Code 1979:

> *Value.* The value of property is its normal market or exchange value within the community at the time that it is

stolen. If money or property is stolen by a series of acts from the same person or location, or from different persons by a series of acts which occur in approximately the same location or time period so that the thefts are attributable to a single scheme, plan or conspiracy, such acts may be considered a single theft and the value may be the total value of all the property stolen.

A jury could find the following from the evidence. Defendant Everett Raymond Amsden was service shop foreman for Weiland Implement Company. He did not have authority to sell implements. On August 24, 1978, Steve Ohl went to Weiland Implement for mechanical work on farm equipment. Amsden asked Ohl if he was interested in buying a 4020 John Deere tractor which would be delivered from Colorado in ten days to two weeks. Ohl bought the tractor for $2000, which he paid to Amsden by check a few days later. The tractor never arrived, and Ohl made repeated requests for the tractor or his money but never received either.

On the same date, Marion Flewelling came to Weiland Implement, at Amsden's request. Amsden made the same offer that he made to Ohl. Flewelling bought a tractor, paid Amsden $2000 by check, but never received the tractor or a refund.

In the first part of September 1978, Louis Fixsel brought his combine to Weiland Implement for repair. Amsden offered to sell Fixsel and his son each a tractor for $3500 apiece. Each Fixsel bought a tractor and paid Amsden $3500 by check.

About a week later Amsden told the elder Fixsel he had a better tractor coming which would cost more. Fixsel paid Amsden $6000 more by check. None of these tractors bought by the Fixsels ever came, and the Fixsels never got their money back.

On November 8, 1978, Amsden called Donald Kramper and offered to sell a 3020 John Deere tractor, which would be delivered from Colorado in two to three weeks. Kramper bought the tractor for his brother and himself for $3500, which he paid Amsden the next day by check at Weiland Im-

plement. The Krampers never got the tractor or a refund.

The county attorney charged Amsden in one count with first-degree theft under sections 714.1(3) and 714.2(1) of the Code. He alleged the five incidents which we have related. (Originally the county attorney also charged a sixth incident, but on Amsden's motion to direct verdict the trial court struck that incident for lack of substantial evidence of the requirements of section 714.3 for joinder.)

Under section 714.2(1), theft is of the first degree when the amount exceeds $5000. Under section 714.1(3), obtaining property by deception is theft. "Property" is anything of value. § 702.14. Section 714.3 on joinder speaks of "stolen" money or property. The word "steal" means to take by theft. § 702.19; *see* J. Yeager & R. Carlson, *Criminal Law & Procedure* § 324 (1979).

By motion to sever, motion to direct verdict, and exceptions to instructions, Amsden contended in district court that the several transactions could not be joined because the State did not allege or prove that the thefts were "attributable to a single scheme, plan or conspiracy" under section 714.3, and that in any event the transactions would have to be alleged in separate counts under rule 6(1) of the Rules of Criminal Procedure:

> *Multiple offenses.* When the conduct of a defendant may establish the commission of more than one public offense arising out of the same transaction or occurrence, the defendant may be prosecuted for each of such offenses. Each of such offenses may be alleged and prosecuted as separate counts in a single complaint, information or indictment, unless, for good cause shown, the trial court in its discretion determines otherwise. Where the public offense which is alleged carries with it certain lesser included offenses, the latter should not be charged, and it is sufficient to charge that the accused committed the major offense.

The trial court overruled Amsden's contentions and tried the several offenses together under the single-count information.

Amsden also contended in the trial court that the State should be prohibited from showing the consideration paid for the machinery purchases by testimony which Amsden asserted was hearsay and not the best evidence. The court overruled his contention.

The jury found Amsden guilty, and he filed a motion for new trial. The court sustained the motion on grounds that we will take up. The State appealed. *See* § 814.5(1)(*c*), The Code.

The General Assembly treats several property crimes generically as theft. The charge here is in the nature of false pretenses—theft by deception. The problem of combining several incidents for prosecution exists in connection with various property crimes such as larceny, embezzlement, or false pretenses, but the test of the propriety of combining incidents is usually determined under rules applicable to larceny prosecutions. W. LaFave & A. Scott, *Handbook on Criminal Law* § 87, at 635 -36 (larceny), § 89, at 654 (embezzlement), § 90, at 668 (false pretenses) (1972); 3 *Wharton's Criminal Law* §§ 357–359, 417, 445 (14th ed. C. Torcia 1980); *cf. People v. Sichofsky*, 58 Cal.App. 257, 263–65, 208 P. 340, 343 (1922) (larceny by fraud).

The question of aggregating thefts may arise in at least three contexts: for purposes of charging and trying an accused, of determining the value of the property stolen to ascertain the degree of the offense, and of twice prosecuting an accused for the same offense. *Annot.*, 37 A.L.R.3d 1407, 1409 (1971). Here we have the first two of these contexts. We must construe section 714.3, apply the construction to the charge and trial in this case, and determine whether the evidence is sufficient to permit aggregating the alleged incidents. Since we conclude that the case must be tried again, we deal with these questions to the extent they are likely to arise on retrial.

I. *Construing section 714.3.* The problem of combining thefts for prosecution may involve the taking of several items on one occasion from one person or several persons, or the taking of several items on several occasions from one person or several persons. Here we have the most extended variety: the alleged taking (obtaining) of several items (monies, by checks) on several occasions from several persons.

In the absence of statute providing otherwise, the general rule on combining thefts is stated thus in 52A C.J.S. *Larceny* § 53, at 479 80 (1968):

Where several articles are stolen from the same owner at the same time and place, only a single crime is committed, and the taking of separate articles belonging to the same owner from different places in the same building, pursuant to a single criminal impulse, usually is held to constitute only a single larceny. Where the property is stolen from the same owner and from the same place by a series of acts, whether the acts of accused constitute several thefts or one single crime must be determined by the facts and circumstances of each case. If each taking is the result of a separate, independent impulse, each is a separate crime; but where the successive takings are all pursuant to a single, sustained, criminal impulse and in execution of a general fraudulent scheme, they together constitute a single larceny, regardless of the time which may elapse between each act.

Also in section 54, at 480 81:

The prevailing rule is that where several articles, stored in the same place, are taken by a single larcenous act, the mere fact that some of them belong to one person and some to another does not dissolve the act into separate crimes. There is authority, however, holding that, where two or more articles belonging to different owners are stolen at the same time and place, the theft of the property of each owner is a separate crime and may be prosecuted as such, or that such a theft may be prosecuted, at the pleasure of the state, either as one offense or as several distinct offenses.

Where articles belonging to different owners are taken at different times or from different places, it is usually held that each taking is a distinct and inde-

pendent larceny, although there is only a short space of time and distance between the acts.

The principles just quoted are stated in the following way in 3 *Wharton* § 359:

When several articles of property are stolen by the defendant from different owners at the same time and at the same place, only one larceny is committed. The underlying theory is that there is only one taking. However, according to some courts, multiple larcenies are committed. According to others, the takings may be prosecuted at the pleasure of the state as one offense or as multiple ones.

When several articles are stolen by the defendant from different owners on different occasions, multiple larcenies are committed. It matters not that the takings occur on the same expedition, and are committed in rapid succession or in pursuance of a larcenous scheme or plan.

*See State v. Cabbell,* 252 N.W.2d 451, 453 (Iowa 1977); *State v. Vandewater,* 203 Iowa 94, 99–100, 212 N.W. 339, 342 (1927); *State v. Sampson,* 157 Iowa 257, 260–63, 138 N.W. 473, 474–75 (1912); 50 Am.Jur.2d *Larceny* § 4 (1970); *Annots.,* 53 A.L.R.3d 398 (1973), 37 A.L.R.3d 1407 (1971). *See also* Fed.R.Crim.P. 8; L. Orfield, *Criminal Procedure from Arrest to Appeal,* 258·61 (1947); *A.B.A. Project on Minimum Standards for Criminal Justice, Standards Relating to Joinder and Severance* § 1.1, at 10·13 (1968).

The second sentence of section 714.3 of our new criminal code expands the acts which may be considered "a single theft" and be added together for "value" purposes. The sentence has two parts. The first part permits combining acts if two requirements exist: money or property is stolen by (a) a "series of acts" from (b) the "same person or location." "Series" means "a group of [usually] three or more things or events standing or succeeding in order and having a like relationship to each other." *Webster's Third New International Dictionary* 2073 (1976); *see Tarsia v. Nick's Laundry & Linen Supply Co.,* 239 Or. 562, 565–66, 399 P.2d 28, 29 (1965) (adopting *Webster's* definition); *United States v. Fry,* 413 F.Supp. 1269, 1272 (E.D.Mich.1976) ("[t]hree or more related acts"); *United States v. Collier,* 358 F.Supp. 1351, 1355 (E.D.Mich.1973) ("three or more related acts"); *B. J. McAdams, Inc. v. Boggs,* 426 F.Supp. 1091, 1100 (E.D.Pa. 1977) ("A systematic course of conduct as contrasted with isolated or sporadic occurrences"). Webster refers the definition of the word "relationship" back to "related" and "relation," and defines relation as "an aspect or quality (as resemblance) that connects two or more things or parts as being or belonging or working together or as being of the same kind . . . ."

Under this first part of the second sentence of section 714.3, if the "series of acts" requirement is met, the incidents may be aggregated (1) although several victims are involved if the acts occurred at a single location, or (2) although several locations are involved if the acts were perpetrated on one victim.

The second part of the second sentence of section 714.3 permits acts to be aggregated if four requirements exist: if money or property is stolen (a) from "different persons" (b) by a "series of acts" (c) which occur in "approximately the same location or time period" (d) so that they are attributable to a "single scheme, plan or conspiracy." If requirements (a) and (b) are met, aggregating is thus permissible if the evidence regarding the approximate "same location or time period" requirement is sufficient to warrant a jury in finding that the acts are attributable to a single scheme, plan, or conspiracy.

II. *Applying section 714.3 to this charge and trial.* Amsden objected to the inclusion of the five incidents in one count and to the manner of trial and submission.

A. Amsden is correct that rule 5(1) of the Rules of Criminal Procedure authorizes a trial information to charge a person with "an" indictable offense and that rule 6(1) permits joinder in *separate counts* of "offenses" by a person, arising out of "the same transaction or occurrence." We think, however, that section 714.3, on one hand, and rules 5(1) and 6(1), on the other, both

have their places. *Cf. State v. Evans*, 248 N.W.2d 521, 523 (Iowa 1976) (joinder under controlled substances act). A single transaction or occurrence may give rise to multiple charges; rule 6(1) allows them to be joined against a defendant in separate counts. Section 714.3, however, deals with joinder of a series of acts in theft cases and provides that the acts may be considered a "single theft" under specified conditions. Since they may be considered a single theft, they may be charged in one count. 41 Am.Jur.2d *Indictments and Informations* § 213 (1968).

■ Moreover, contrary to a contention by Amsden and in line with the modern tendency to make indictments and informations short, plain, and concise, Iowa R.Crim.P. 4(7), App. of Forms 9, 10, we see no necessity for the State to allege the contents of section 714.3. The State alleged the several transactions and also the section number for first-degree theft, section 714.-2(1); that was sufficient. Rule 4(7)(b); *see United States v. Florio*, 315 F.Supp. 795, 796–97 (E.D.N.Y.1970); *United States v. Garrison*, 265 F.Supp. 108, 111 (M.D.Ga. 1967).

■ B. Coming to the trial itself, however, one of the objections Amsden lodged has merit. He correctly insisted that the trial court should have submitted to the jury the question of whether the State established the conditions of section 714.3 which permit the acts to be aggregated. If the State generates a fact issue on aggregating, that issue is ultimately to be decided by the fact finder. 50 Am.Jur.2d *Larceny* § 170 (1970); 52A C.J.S. *Larceny* § 139, at 687 (1968) ("where the grade or degree of offense depends on the value of the property stolen, the determination of the value is a question of fact for the jury under proper instructions" and "[w]here a series of acts constitutes either a single larceny or a succession of larcenies depending on the existence or nonexistence of certain conditions, the question of whether such conditions existed is one of fact for the jury"). If for example the State alleges thefts of $2000 each on three occasions, plainly the defendant cannot be convicted of a theft exceeding $5000 unless the State proves to the jury the three thefts and also the requisites under section 714.3 for aggregating those thefts. The court should not itself have ultimately decided the aggregating issue here and erred in doing so. *State v. Tomlinson*, 243 N.W.2d 551, 553 (Iowa 1976); Iowa R.Civ.P. 196; Iowa R.Crim.P. 18(7)(*f* ).

■ C. Amsden's objection to the verdicts submitted to the jury was also well taken. Although the five incidents were joined, both the State and Amsden had the right to have the jury pass on each incident separately. The jury not only had to decide the aggregation issue; it could find that some incidents were not established at all. 76 Am.Jur.2d *Trial* § 1150 (1975); 23A C.J.S. *Criminal Law* § 1403, at 1077–78 (1961). As to each incident, the court should have submitted guilty-not guilty verdicts with an interrogatory as to the amount of the theft if the jury found that theft was proved. A final interrogatory should have been submitted to be answered if the jury found that three or more established thefts were to be aggregated. That interrogatory would ask the jury which thefts were to be aggregated. *See* Iowa R.Crim.P. 21(1) and (2). The court erred in the manner of submission.

■ III. *Sufficiency of evidence under section 714.3*. The evidence permitted the jury to find that each of the five acts was committed. *See State v. Cornelius*, 293 N.W.2d 267, 271 (Iowa 1980). As to aggregating the acts, both the first and second parts of the second sentence of section 714.3 require a series of acts. The first part then allows aggregation if the thefts were from the same person or location, while the second part requires instead that the thefts took place at approximately the same location or time period and that the thefts were attributable to a single scheme, plan, or conspiracy. A jury question existed under both parts of the second sentence.

The evidence was adequate to warrant a jury in finding that three or more of the five incidents constituted a "series," under

the first element of both parts of the second sentence. A series requires something more than similar acts. *United States v. Marionneaux*, 514 F.2d 1244, 1248 (5th Cir. 1975); *United States v. Martinez*, 479 F.2d 824, 827 (1st Cir. 1973); *King v. United States*, 355 F.2d 700, 703 (1st Cir. 1966). But a jury could reasonably find that several or all of the five incidents charged were sufficiently "related" to constitute a series. The alleged deceptions were practiced at the same place. Prices did not greatly vary. The purported sales involved Colorado implements. The implements were to be delivered in a short time. Similar implements were involved. None of the implements arrived. None of the money was returned. The time span was from late August to early November, indeed, two of the incidents occurred on the same day.

While separate persons and times were involved, Amsden practiced his alleged deceptions in each of the five instances at the same "location," under the second element of both parts of the second sentence (location as to the first part, and approximate location as to the second part). He utilized Weiland Implement, which farmers frequented when they used his services as shop foreman, as a natural base for his alleged operation. The evidence was abundant to satisfy the location element.

A fact question also existed under the third element of the second part of the second sentence. That element is "a single scheme, plan or conspiracy"—the three nouns are connected by a disjunctive. A conspiracy is not involved, but the jury could find a single scheme or plan existed, under the same evidence which we have pointed out will support a finding of a series.

If the jury found that three or more of the five incidents met the requirements of the first or second part of the second sentence, or of both parts, the State would have established aggregating as to those incidents. But if the jury did not find those requirements were met as to three or more incidents, no incidents could be aggregated. *See United States v. Daddano*, 432 F.2d

1119, 1125 (7th Cir. 1970), *cert. denied*, 402 U.S. 905, 91 S.Ct. 1366, 28 L.Ed.2d 645 (1971). Aggregated incidents, if any, would be punishable as a single theft. § 714.3. Incidents which the jury found were established but were not to be aggregated, if any, would be punishable individually, *United ed States v. Manglona*, 414 F.2d 642, 645 (9th Cir. 1969); 23A C.J.S. *Criminal Law* § 1403, at 1083 (1961) ("a conviction on one or more of them may be sustained, although the jury ignore or acquit, or disagree, as to the others"), unless a new trial on motion was necessary for prejudicial misjoinder and the defendant timely moved for severance. Iowa R.Crim.P. 10(2)(e); *cf. State v. Belieu*, 288 N.W.2d 895, 899 (Iowa 1980) (joinder of parties). *See also United States v. Johnson*, 462 F.2d 608, 609 (8th Cir.), *cert. denied*, 409 U.S. 952, 93 S.Ct. 299, 34 L.Ed.2d 224 (1972) (acquittal of one count does not mandate finding of prejudicial misjoinder).

We hold that the State developed a jury question on the issue of aggregating under both the first and second parts of the second sentence of section 714.3. The jury should have been instructed that it should decide separately whether the State established aggregating under the first part of the second sentence and under the second part of that sentence. If the State established the elements of either of the two parts or of both of them, as to at least three certain thefts, then aggregating would be established as to those thefts.

IV. *Admissibility of evidence.* Defendant contended in district court by motion and objections that certain evidence of payments by the buyers was hearsay and not the best evidence, and he urges that contention before us.

The parties were required by order to have their exhibits marked at the pretrial conference. *See* Iowa R.Crim.P. 15. The State did not have the buyers' cancelled checks so marked. At trial the court therefore refused to allow the checks into evidence over Amsden's objection, and the State desired to prove the payments by other evidence. Amsden moved to exclude

the other evidence and objected to it. His motion and some of his objections were overruled. He contends this was error.

We find no necessity to consider this contention. The trial court correctly held that other errors were committed which required a new trial. Presumably the State will have its exhibits marked at a pretrial conference next time and this problem will not recur.

We uphold the sustention of the new trial motion, and return the case to district court for retrial.

AFFIRMED AND REMANDED.