**STATE of Iowa, Plaintiff-Appellee,**

v.

**Michael Q. CARLBERG, Defendant-Appellant.**

No. 84–1667.

Court of Appeals of Iowa.

Aug. 29, 1985.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen. and Lona Hansen, Asst. Atty. Gen., for plaintiff-appellee.

Considered by DONIELSON, P.J., and SNELL and HAYDEN, JJ.

SNELL, Judge.

On April 6, 1984, a police officer stopped the car defendant Michael Q. Carlberg was driving. He discovered that defendant's license had been revoked. Defendant was charged with driving without having a valid license in his immediate possession, a simple misdemeanor under Iowa Code section 321.174. Section 321.174 provides:

A person, except those hereinafter expressly exempted shall not drive any motor vehicle upon a highway in this state unless such person has a valid motor vehicle license issued by the department....

Every licensee shall have his or her operator's or chauffeur's or motorized bicycle license or instruction permit in immediate possession at all times when operating a motor vehicle and shall display the same, upon demand of a judicial magistrate or district associate judge, a peace officer, or a field deputy or examiner of the department. However, no person charged with violating this section shall be convicted if he or she produces in court, within a reasonable time, an operator's or chauffeur's or motorized bicycle license, or instruction permit issued to him or her and valid at the time of the person's arrest.

On April 10, 1984, defendant pleaded guilty to the charge and was fined $19.00. On April 24, defendant was then charged with driving while his license was revoked under Iowa Code section 321B.38, which provides in part:

Any person whose license or driving privilege has been denied or revoked as provided in this chapter [chapter 321B—intoxicated drivers] and who drives any motor vehicle upon the highways of this state while the license or privilege is denied or revoked is guilty of a serious misdemeanor.

Defendant filed a motion to dismiss on the ground of double jeopardy. Defendant claims that the charge on April 6 and the charge on April 24 both arose out of the same incident, the original revocation of his license. The district court denied the motion to dismiss. Defendant then entered a guilty plea. He was sentenced to pay a fine of $230.00 or serve a jail term of 20 days. Defendant has appealed, claiming that the second charge violated his rights under the double jeopardy clause of the federal constitution.

■ The fifth amendment double jeopardy clause provides that no person shall:

"Be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This constitutional guarantee is applicable to the states through the due process clause of the fourteenth amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The constitutional prohibition of double jeopardy protects against a second prosecution for the same offense after acquittal, after conviction, and against multiple punishments for the same offense. We are here concerned with the second prohibition, prosecution after conviction. The sole question is whether the offense of driving without a valid license in the driver's immediate possession, section 321.174, is the "same offense" for double jeopardy purposes as the offense of driving while a license is denied or revoked, section 321D.38. The test for determining whether two offenses are sufficiently distinguishable to permit successive prosecutions is the same as established to permit cumulative punishment. *See In re Nielsen*, 131 U.S. 176, 187–88, 9 S.Ct. 672, 33 L.Ed. 118 (1889); *Cf. Gavieres v. U.S.*, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911). That test as stated in *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), is:

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

284 U.S. at 304, 52 S.Ct. at 182. Unless "each statute requires proof of an additional fact which the other does not," the double jeopardy clause prohibits successive prosecutions. *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). The Iowa court has followed the *Blockburger* analysis in several cases which determined whether the elements of two offenses were separate and distinct. *See State v. Parker*, 342 N.W.2d 459 (Iowa 1983); *State v. Goff*, 342 N.W.2d 830 (Iowa 1983). In cases involving a greater and a lesser included offense, the lesser offense requires no proof beyond that which is

required for conviction of the greater offense. The greater offense is therefore by definition the "same" for purposes of double jeopardy as any lesser offense included in it. As stated in *State v. Goff*, "if the greater offense cannot be committed without committing the lesser offense, the lesser offense is legally an included offense. On the contrary, if the greater offense can be committed without committing the lesser offense, the lesser offense is not legally an included offense." 342 N.W.2d at 835.

Applying the *Blockburger* test, the Supreme Court in *Brown v. Ohio* held that the offense of joy riding was a lesser included offense of auto theft. It was the "same offense" so that successive prosecutions were barred by the double jeopardy clause. It is also clear that the sequence of prosecution is immaterial. *Brown v. Ohio*, 432 U.S. at 168, 97 S.Ct. at 2226, 53 L.Ed. at 196.

In *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), the Court considered whether failing to reduce speed is the "same offense" for double jeopardy purposes as involuntary manslaughter. The Court held that if failure to slow is always a necessary element of manslaughter by automobile, the two offenses are the same under *Blockburger* and a later charge would constitute double jeopardy. However, the Court concluded that if the manslaughter offense was provable without the need to prove failure to slow, double jeopardy would not occur. The case was remanded for further proceedings by the Illinois Supreme Court to determine what elements of the greater offense were asserted in charging defendant with commission of the crime.

In the case at bar, the elements of the greater offense, section 321B.38, driving while license is denied or revoked, are:

1. Driving a motor vehicle on a state highway.
2. Committing this act while license or driving privilege is denied or revoked.

The elements of the lesser offense, section 321.174, driving without a valid license in possession, are:

1. Driving a motor vehicle on a state highway.
2. Committing this act without having a valid motor vehicle license.
3. Committing this act without having a valid motor vehicle license in immediate possession.
4. Committing this act without displaying a valid motor vehicle license on demand of a peace officer, court, or motor vehicle department official.

*See State v. Jackson*, 315 N.W.2d 766, 767 (Iowa 1982).

■ Defendant pled guilty to the lesser offense, thus proving all elements of the offense. The invalidity of the motor vehicle license held by defendant occurred because it was revoked. This was the underlying reason stated by the prosecution in charging defendant with violating section 321B.38. In proving that defendant violated that section by committing the acts listed as elements 1 and 2, the prosecution thereby also satisfies the proof requirements of elements 1 and 2 of section 321.174. Elements 3 and 4 of section 321.174 are hinged to the requirement of having a valid motor vehicle license and so are separate elements only after that requirement is met. Without a valid license, the possession and display requirements are meaningless. Thus, it is apparent that in this case the acts committed by defendant which constitute the greater offense also constitute commission of the lesser offense. For double jeopardy purposes, they are the "same offense."

The analysis by the United States Supreme Court in *Illinois v. Vitale* is inapposite. While under *Illinois v. Vitale*, the Supreme Court holds that if the greater offense may be proved without one of the elements of the lesser offense then double jeopardy does not occur, the converse does not follow that if the lesser offense can be proved with elements different from the greater offense then double jeopardy does not occur. There is no way a violation of

section 321B.38 can be satisfied without proving defendant's license has been denied or revoked. In so doing, a violation of section 321.174 is also proved.

Defendant's motion to dismiss on the ground that the federal constitutional prohibition against double jeopardy was violated should have been granted.

REVERSED.