# IN THE COURT OF APPEALS OF IOWA

No. 14-1683
Filed October 14, 2015

**ANGEL DEJESUS VEGA-SANCHEZ,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Webster County, Gary McMinimee,

Judge.

The applicant appeals the district court's grant of the State's motion for

summary disposition of his postconviction-relief application. **AFFIRMED.**

Robert E. Peterson, Trout Creek, Michigan, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney

General, Jennifer Benson, County Attorney, and Joseph Tofilon, Assistant

County Attorney, for appellee.

Considered by Doyle, P.J., Bower, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, Senior Judge.**

Angel Vega-Sanchez appeals the district court's grant of the State's motion for summary disposition of his postconviction-relief application. We conclude the district court properly granted summary disposition to the State because the trial information was adequate to give Vega-Sanchez notice of the crime charged and was properly approved by a judge. We also find Vega-Sanchez has not shown he received ineffective assistance of counsel during the postconviction-relief proceedings.

## I. Background Facts & Proceedings.

Vega-Sanchez was convicted of first-degree murder and sentenced to life in prison. His conviction was affirmed on appeal. *State v. Vega-Sanchez*, No. 10-0116, 2011 WL 441677 (Iowa Ct. App. Feb. 9, 2011).

Vega-Sanchez filed his first application for postconviction relief on June 22, 2011, claiming his right to contact the Mexican Consulate had been violated. He also claimed he received ineffective assistance because his defense counsel did not obtain an interpreter for him or call several witnesses. The denial of Vega-Sanchez's application for postconviction relief was affirmed on appeal. *Vega-Sanchez v. State*, No. 12-0642, 2013 WL 2146544 (Iowa Ct. App. May 15, 2013).

Vega-Sanchez filed the present application for postconviction relief on October 21, 2013, claiming the district court did not have subject matter jurisdiction over his criminal trial because the trial information was defective. The State filed a motion for summary disposition. After a hearing, the district court

granted the motion to dismiss, finding the trial information was not erroneously approved by the trial court. Vega-Sanchez now appeals.

## II. Trial Information.

Vega-Sanchez claims the district court should not have denied his claims in a summary disposition because they raised genuine issues of material fact. He claims the court lacked subject matter jurisdiction because the trial information did not contain sufficient evidence to support a judge's determination a jury could convict him. He also claims the trial information did not allege he had the prerequisite state of mind to commit first-degree murder.

Iowa Code section 822.6 provides:

> The court may grant a motion by either party for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

"In determining whether summary judgment is warranted, the moving party has the burden of proving the material facts are undisputed." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). "We examine the facts in the light most favorable to the nonmoving party." *Id.* Our review in postconviction-relief proceedings, including those decided by a summary disposition, is for correction of errors at law. *Manning v. State*, 654 N.W.2d 555, 558-59 (Iowa 2002).

The trial information in this case stated:

> COMES NOW, . . . , as Assistant County Attorney for Webster County, Iowa, and in the name and by the authority of the State of Iowa accuses ANGEL DEJESUS VEGA-SANCHEZ of the crime of MURDER IN THE FIRST DEGREE, committed as follows:
> The said ANGEL DEJESUS VEGA-SANCHEZ, on or about the 17th day of May, 2009, in Webster County, Iowa, did commit

> Murder in the First Degree resulting in the death of Rachelle Vega, in violation of sections 707.1 and 707.2(1) of the Code of Iowa (a class A felony).

The minutes of evidence were attached to the information. The information was approved by a judge with the statement, "This information and the Minutes of Evidence accompanying it have been examined by me and found to contain sufficient evidence, if unexplained, to warrant a conviction by jury trial."

A trial information "shall be drawn and construed, in matters of substance, as indictments are required to be drawn and construed." Iowa R. Crim. P. 2.5(5). "An indictment is a plain, concise, and definite statement of the offense charged." *Id.* 2.4(7); *State v. Griffin*, 386 N.W.2d 529, 532 (Iowa Ct. App. 1986). Indictments and informations are generally short, plain, and concise. *State v. Amsden*, 300 N.W.2d 882, 886 (Iowa 1981). There is no necessity to allege the contents of the code section alleged to be violated; it is sufficient to allege the transaction providing the basis for the offense and the section number of the code. *Id.* The trial information should give the court and the accused notice of what offense is intended to be charged. *State v. McConnell*, 178 N.W.2d 386, 388 (Iowa 1970). The trial information sufficiently alleges Vega-Sanchez committed the first-degree murder of Rachelle Vega on or about May 17, 2009.

Before a trial information is filed, it must be approved by a judge or magistrate. Iowa R. Crim. P. 2.5(4). "If the judge or magistrate finds that the evidence contained in the information and minutes of evidence, if unexplained, would warrant a conviction by the trial jury, the judge or magistrate shall approve the information which shall be promptly filed." *Id.* Vega-Sanchez has not shown a judge improperly approved the trial information in this case. The judge's

statement shows the trial information was approved after considering the trial information and the minutes of evidence, in accordance with the procedures found in rule 2.5(4).

We conclude the district court properly granted summary disposition to the State because the court had subject matter jurisdiction as the trial information was adequate to give Vega-Sanchez notice of the crime charged and was properly approved by a judge.

### III. Ineffective Assistance.

Vega-Sanchez asserts he received ineffective assistance because his postconviction counsel did not file a resistance to the State's motion for summary disposition. We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

Vega-Sanchez has not shown he received ineffective assistance. After considering his claims regarding the trial information, we have determined his objections are meritless. "We do not find counsel incompetent for failing to pursue a meritless issue." *State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013).

We affirm the decision of the district court granting the State's motion for summary disposition of Vega-Sanchez's application for postconviction relief.

**AFFIRMED.**